UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

PHOENIX COMMODITIES PVT.
LIMITED      (in Liquidation)                    Chapter 15

     Debtor in a Foreign Proceeding.          Case No.:  25-21716
_____/

In re:

PHOENIX PTE. LTD (in Liquidation)                Chapter 15

     Debtor in a Foreign Proceeding.          Case No.:  25-21718
_____/

In re:

PHOENIX GLOBAL DMCC
(in Liquidation)                                 Chapter 15

     Debtor in a Foreign Proceeding.          Case No.:  25-21713
_____/


**MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN
PROCEEDINGS PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

    Ryan Jarvis and John Johnston as liquidators (the "BVI Liquidators") of Phoenix

Commodities Pvt. Limited (in Liquidation) ("Phoenix Parent"), Matthew Stuart Becker and Lim

Loo Khoon as liquidators (the "Singapore Liquidators") of Phoenix Pte. Ltd (in Liquidation)

("Phoenix Singapore"), and Paul James Leggett (the "UAE Liquidator" and together with BVI

Liquidators and Singapore Liquidators, the "Foreign Representatives") as liquidator of Phoenix

Global DMCC (in Liquidation) ("Phoenix UAE," and together with Phoenix Parent and Phoenix

Singapore, the "Debtors"), hereby file this *Motion for Order Granting Recognition of Foreign Main Proceedings Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion"). The Motion seeks entry of an Order granting (i) recognition, pursuant to § 1517 of the Bankruptcy Code[1], of the Debtors' insolvency proceedings pending in the British Virgin Islands ("BVI"), the Republic of Singapore ("Singapore"), and United Arab Emirates ("UAE") (the "Debtors' Insolvency Proceedings"); (ii) related and additional relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief that may be available to the Foreign Representatives under the Bankruptcy Code. In support of the Motion, the Foreign Representatives respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The Foreign Representatives filed a Chapter 15 Petitions for Recognition of a Foreign Proceeding (the "Petitions") as to each Debtor pursuant to section 1504 seeking recognition of the Debtors' Insolvency Proceedings as a "foreign main proceedings" as defined in section 1502(4). [ECF # 1].

2.      The Declaration of Ryan Jarvis (the "Jarvis Declaration"), made under penalty of perjury, addressing the requirements under § 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the liquidation of Phoenix Parent under the laws of the British Virgin Islands ("BVI"). A copy of the Jarvis Declaration is attached hereto as **Exhibit "A."**

3.      A copy of the resolution passed by the shareholders of Phoenix Parent on April 20, 2020, approving the Qualifying Resolution to place Phoenix Parent into liquidation pursuant

---

[1]  Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

to the British Virgin Islands Insolvency Act of 2003 (the "Qualifying Resolution"), is attached as Exhibit "1" to the Jarvis Declaration. Ex. A, at Ex. 1. The creditors' resolution dated May 8, 2020, appointing Ryan Jarvis of Deloitte Ltd. and Matthew Smith of Deloitte LLP as liquidators (the "BVI Liquidators"), is attached to the Jarvis Declaration as Exhibit "2."

4.      The order of the Eastern Caribbean Supreme Court, High Court of Justice Virgin Islands (Commercial Division), Claim No. 77 of 2020 (the "BVI Court"), issued pursuant to Section 186(5) of the BVI Insolvency Act 2003, authorizing the BVI Liquidators to seek recognition of the Phoenix Parent liquidation in the United States, to request judicial assistance in the performance of their duties, and to act as representatives of the liquidation, is attached as Exhibit "3" to the Jarvis Declaration. Subsequent BVI court orders appointing John Johnston as a co-BVI Liquidator alongside Ryan Jarvis are attached as Composite Exhibit "4" to the Jarvis Declaration.

5.      The Declaration of Matthew Stuart Becker (the "Becker Declaration"), made under penalty of perjury, addressing the requirements of § 1515 of the Bankruptcy Code, and Bankruptcy Rule 1007(a)(4), with respect to the voluntary winding up of Phoenix Singapore, is attached hereto as **Exhibit "B".**

6.      On June 3, 2020, the Form 11 Notice of Resolution filed with the Registrar of Companies and Business of Singapore containing the resolution that the company be wound up as a Creditor's Voluntary Winding Up pursuant to section 290(1)(b) of the companies act, Cap. 50, and nominating Matthew Stewart Becker and Lim Loo Khoon as the liquidators is attached to the Becker Declaration as Exhibit "5."

7.      Additionally, at a meeting of creditors held the very same day, an ordinary resolution was passed where Matthew Stuart Becker and Lim Loo Khoon were officially

SEQUOR LAW, P.A.

appointed as liquidators of Phoenix Singapore. The form 11 notice of resolution with the annexure detailing the resolutions passed by the Meeting of Creditors (the "Creditor Form 11 Notice"). Ex. B, at ¶ 8 & Ex. 5.

8.    The Declaration of Paul James Leggett (the "Leggett Declaration"), made under penalty of perjury, addressing the requirements of § 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4) regarding the voluntary winding up of Phoenix UAE, is attached hereto as **Exhibit "C."**

9.    A copy of the resolution adopted by the shareholders of Phoenix UAE on May 26, 2020, approving the insolvent voluntary winding up of the company (the "Winding-Up Resolution"), is attached as Exhibit "1" to the Leggett Declaration.

10.    The notice of appointment of Paul Leggett and Matthew Smith as liquidators[2] in the Phoenix UAE insolvent voluntary winding up (the "UAE Notice of Appointment"), made at a meeting of the creditors of Phoenix UAE on June 9, 2020, is attached as Exhibit "2" to the Leggett Declaration.

11.    The Petitions, this Motion, and the Declarations show that the Debtors' Insolvency Proceedings should be recognized as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code.

12.    The Foreign Representatives seek the type of relief that Chapter 15 was designed to provide, and the Debtors' Insolvency Proceedings, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

---

[2]    Subsequent to the appointment, Paul Leggett transferred to Deloitte Professional Services (DIFC) Limited, and Matthew David Smith resigned from Deloitte and from his role as liquidator.

## JURISDICTION AND VENUE

13.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

14.     This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

15.     The British Virgin Islands is Phoenix Parent's respective center of main interest because, among other things, Phoenix Parent's registered office is located in the British Virgin Islands. *See* Ex. A, at ¶ 4. Singapore is Phoenix Singapore's is respective center of main interest because, among other things, Phoenix Singapore's registered office is located in Singapore. *See* Ex. B, at ¶ 5. Additionally, UAE is Phoenix UAE's respective center of main interest as its registered office is located there and their core activities have taken place in that jurisdiction. *See* Ex. C, at ¶ 5.

16.     Venue is proper in this district under 28 U.S.C. § 1410, as Debtors' counsel, Sequor Law, holds a retainer in its trust account in this district for the benefit of the Debtors.

## BACKGROUND

### The Phoenix Group

17.     Prior to its liquidation, Phoenix Parent served as the ultimate holding company of a globally integrated enterprise (the "Phoenix Group") operating across the agrifoods, resources, and consumer brands sectors. The Phoenix Group consisted of approximately 100 corporate entities worldwide and employed around 2,500 people. The direct subsidiaries of Phoenix Parent are Phoenix UAE, based in the United Arab Emirates, and Phoenix Singapore, registered and located in Singapore.

SEQUOR LAW, P.A.

18.     In the agrifoods sector, the Phoenix Group was involved in farming, domestic and farm-gate procurement, processing, and sales, as well as the import and wholesale distribution of agricultural products. In the resources sector, the Phoenix Group focused primarily on metals and minerals merchanting. Through one of its subsidiaries, the Phoenix Group conducted trading in raw materials, including both ferrous and non-ferrous metals. The consumer brands division managed brand development, retail distribution, and logistics across a wide range of food and non-food categories, handling both agency and owned brands.

19.     Though the Phoenix Group presented itself as a financially sound organization, it was suffering through significant financial strain. A third-party auditor conducted an internal investigation and prepared a report indicating that Phoenix Parent faced potential liabilities exceeding US$400 million as a result of financial derivatives trading within Phoenix UAE, with projected total losses nearing US$450 million. In addition, there were significant losses related to guarantees granted to several suppliers and counter parties to Phoenix Singapore.

20.     The predicted losses materialized and required Phoenix Parent to post substantial cash collateral, which Phoenix Parent was unable to meet such demands. Phoenix Parent's past directors spearheaded a financial restructuring initiative seeking to turn things around, which included attempts to negotiate settlement agreements with specific lenders to forestall enforcement actions. However, these efforts ultimately proved unsuccessful.

### Phoenix Parent's Liquidation

21.     On April 20, 2020, the member of Phoenix Parent passed a qualifying resolution (the "Qualifying Resolution") pursuant to the British Virgin Islands Insolvency Act of 2003 (the "BVI Insolvency Act") to wind up Phoenix Parent and to appoint Greig Mitchell of KRyS Global and Andrew Hosking and Carl Jackson of Quantuma LLP as joint liquidators. Ex. A, at

6

Ex. 1.. Subsequently, on May 8, 2020, at the first meeting of creditors of Phoenix Parent, its creditors passed a resolution appointing Ryan Jarvis of Deloitte Ltd. and Matt Smith of Deloitte LLP. (the "BVI Liquidators") as Phoenix Parent's liquidators (the "Creditors' Resolution").. Ex. A., at Ex. 2.

22.    On June 15, 2020, the Eastern Caribbean Supreme Court, High Court of Justice (Virgin Islands Commercial Division), in Claim No. 77 of 2020 (the "BVI Court"), entered an order (the "Supervision Order") acknowledging the liquidation of Phoenix Parent and appointment of the BVI Liquidators, and authorized the BVI Liquidators to seek recognition of Phoenix Parent's liquidation in any jurisdiction in which it the company has assets or in any jurisdiction in which the BVI Liquidators seek to obtain information in connection with its affairs. Ex. A, at Ex. 3.

23.    On December 13, 2023, John Johnston was appointed as co-BVI Liquidator of Phoenix Parent alongside Ryan Jarvis. Ex. A, at Ex. 4.

24.    The passing of the Qualifying Resolution placing Phoenix Parent into liquidation reverberated through the Phoenix Group, resulting in the winding up of both Phoenix Singapore and Phoenix UAE.

**Phoenix Singapore Liquidation**

25.    Phoenix Singapore was initially placed into involuntary liquidation on May 20, 2020, after a declaration by its former director of its inability to continue operating due to its liabilities. *See* Ex. B, at Exs. 1 & 3. A resolution was also passed appointing the Singapore Liquidators as joint provisional liquidators of Phoenix Singapore. Ex. B, at Exs. 2 & 3..

26.    On June 3, 2020, at the Extraordinary Meeting of Members, Ryan Jarvis—one of the Liquidators of Phoenix Parent and acting as chairman of the meeting—passed a special

SEQUOR LAW, P.A.

resolution to place Phoenix Singapore into a Creditors' Voluntary Winding Up, in accordance with Section 290(1)(b) of the Companies Act. An ordinary resolution was also simultaneously passed appointing the Provisional Singapore Liquidators, Matthew Stuart Becker and Lim Loo Khoon, to act as liquidators of Phoenix Singapore.  *See* Ex. B, at Ex. 4.On the same day, a meeting of creditors was held, wherein Matthew Stuart Becker and Lim Loo Khoon were appointed as Singapore Liquidators. *See* Ex. B, at Exs. 5 & 6.

### Phoenix UAE Liquidation

27.     On May 26, 2020, Phoenix Parent passed a shareholder resolution (the "UAE Shareholder Resolution") placing Phoenix UAE in an insolvent voluntary winding up under regulation 99 and section 19 of the Dubai Multi Commodities Centre Authority Company Regulations 2020 ("DMCCA Regulations"). *See* Ex. C, at Ex. 1.

28.     On June 9, 2020, at the meeting of the creditors of Phoenix UAE, Paul James Leggett and Matthew Smith were appointed as liquidators. *See* Ex. C., at Ex. 2.

### Investigations Arising from the Appointments

29.     Following the respective appointments of the Foreign Representatives under the insolvency laws of BVI, Singapore, and the UAE, the Foreign Representatives have taken steps to identify, secure and take into their possession and control the Debtors' assets and records, and seek to continue investigating the Debtors' assets and affairs, including the location of dissipated assets and potential claims against third parties. To that end, the Foreign Representatives file these Chapter 15 cases to, among other things, (i) investigate Debtors' financial transactions and asset picture in the years leading to Debtor being wound up; (ii) identify, localize, and realize the Debtors' assets located in the United States; and (iii) to the extent necessary, pursue actions against third parties for the benefit of Debtors' estates.

SEQUOR LAW, P.A.

**RELIEF REQUESTED**

30.    By this Motion, the Foreign Representatives respectfully request an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code granting the following relief:

(a)    Recognizing the Debtors' Insolvency Proceedings as foreign main proceedings and the Foreign Representatives as the foreign representatives of the Debtor;

(b)    Granting the relief allowable as of right upon recognition of a foreign main proceedings under section 1520 of the Bankruptcy Code;

(c)    Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)    staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representatives concerning the Debtors' rights, obligations or liabilities to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)    staying execution against the Debtors' assets to the extent not stayed under § 1520(a);

(3)    suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under section 1520(a);

(4)    providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtors and the Debtors' estates under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)    entrusting the administration or realization of all of the assets of the Debtors within the territorial jurisdiction of the United States to the Foreign Representatives;

SEQUOR LAW, P.A.

(6)    entrusting the distribution of all or part of the assets of the Debtors located within the United States to the Foreign Representatives;

(7)    granting comity and giving full force and effect to the laws governing insolvency in BVI, UAE, and Singapore with respect to the Debtors; and

(d)    granting the Foreign Representatives such other and further relief as this Court may deem just and proper.

## BASIS FOR RECOGNITION

31.    The Foreign Representatives have satisfied each of the requirements for recognition set forth in section 1517 of the Bankruptcy Code because (a) each of the Debtors' Insolvency Proceedings is a foreign main proceeding, (b) the Foreign Representatives filing the Debtors' Petitions and this Motion are foreign representatives under section 101(24), and (c) the procedural requirements of section 1515 and Bankruptcy Rule 1007 are satisfied.

**I.    Debtors' Insolvency Proceeding are Foreign Main Proceedings Under Section 1502**

32.    Each of the Debtors' Insolvency Proceedings qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code. Further, each Insolvency Proceeding qualifies a "foreign main proceeding" under section 1502 as they are pending in the Debtors' respective centers of main interest: the British Virgin Islands, United Arab Emirates, and Singapore.

**A.    Phoenix Parent's Liquidation is a Foreign Main Proceeding**

***i.    Phoenix Parent's Liquidation is a Foreign Proceeding Under Section 101(23)***

33.    A "foreign proceeding" under section 101(23) is one that is (i) collective in nature; (ii) judicial or administrative; (iii) is pending in a foreign country; (iv) under a law relating to insolvency or adjustment of debt; (v) one in which the debtor's assets and affairs are

SEQUOR LAW, P.A.

under the control and supervision of the foreign court; and (vi) for the purpose of reorganization or liquidation. 11 U.S.C. § 101(23); *In re British Am. Ins. Co.*, 425 B.R. 884, 901 (Bankr. S.D. Fla. 2010).

34.     Phoenix Parent's liquidation is subject to the BVI Insolvency Act. The Insolvency Act establishes a framework for controlled, court-supervised and collective reorganization and restructuring of obligations of distressed companies. Ex. A, at ¶ 13-20. Under the Insolvency Act, a liquidator, whether appointed by members' resolution or by the BVI Court, acts as an officer of the BVI court and as an agent for the company. *Id.* at ¶ 21. A liquidator has the duties and powers set out in the Insolvency Act and such duties and powers as the BVI Court may order, and may apply to the BVI Court at any time for direction. *Id.* at ¶ 21-23.

35.     The purpose of a liquidation under the Insolvency Act is to realize the assets of the company, declare a dividend for creditors and to return the surplus to the members of the debtor. *Id.* at ¶ 18-19. It can be terminated when the liquidators, after completing their duties, prepare a final report together with a statement of realizations and distributions for the creditors and members. *Id.* at ¶ 20. Liquidation can also be terminated by the court, on an application by a liquidator, a creditor, director or member, if the court considers it equitable to do so. *Id.* The final step after liquidation is the dissolution of the company, after which the company ceases to exist, and no one can act on behalf of the company. *Id.* at ¶ 20. The debts and obligations of the company are extinguished. *Id.* at ¶ 20.

36.     Bankruptcy courts (including this Court) have held that liquidations in the BVI constitute "foreign proceedings." *See, e.g.*, *Exential Investments, Inc.*, Case No. 21-15203-RAM, ECF No. 6 (Bankr. S.D. Fla. June 30, 2021) (granting recognition to a BVI liquidation under the Insolvency Act); *In re Olinda Star Ltd.*, 614 B.R. 28, 40-41 (Bankr. S.D.N.Y. 2020) (granting

11

recognition to provisional liquidation in the BVI as foreign proceeding); *In re Fairfield Sentry Ltd.*, 440 B.R. 60, 66 (Bankr. S.D.N.Y. 2010) (same).

<blockquote>
ii.      *Phoenix Parent's Liquidation is a Foreign Main Proceeding Under Section 1502*
</blockquote>

37.      Phoenix Parent's liquidation further qualifies as "foreign main proceeding" under section 1502.

38.      Phoenix Parent's liquidation is a foreign main proceeding because it is pending in the British Virgin Islands, where its registered office is located in. *See* Ex. A, ¶ 4. Accordingly, its center of main interest is the BVI. *See* 11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's main interests."). Since their appointment as BVI Liquidators, they replaced the company's former directors and have been conducting Phoenix Parent's activities out of the BVI, including enforcing their statutory rights to secure and preserve the company's records and assets, administer the company's affairs, business and property, and commence legal proceedings on behalf of Phoenix BVI. *See id.* at ¶ 24.

39.      Moreover, as Phoenix Parent is a BVI company in liquidation under the BVI Insolvency Act, and BVI law would likely apply to most disputes arising from Phoenix Parent's operations given that it was the holding company of the Phoenix Group, BVI is the natural jurisdiction that would be ascertainable by third parties as the Debtor's centers of main interest. *See Servicios de Petroleo Constellation S.A.*, 600 B.R. 237, 272 (Bankr. S.D.N.Y. 2019) (considering the following factors in assessing the debtor's COMI: the location of the debtor's headquarters, of those who manage the debtor, the jurisdiction of whose law would apply to most disputes, and the expectations of third parties as to the debtor's COMI).

SEQUOR LAW, P.A.

**B.     Phoenix Singapore's Liquidation is a Foreign Main Proceeding**

> **i.      *Phoenix Singapore's Liquidation is a Foreign Main Proceeding Under Section 101(23)***

40.     Phoenix Singapore's liquidation is a foreign proceeding as defined by section 101(23) of the Bankruptcy Code. The liquidation is subject to the Singaporean Companies Act, Chapter 50 (the "Companies Act"), which provides for the substantive laws relating to the winding up of Singaporean companies. As discussed in the Becker Declaration, the Companies Act establishes a framework for the winding up of a company. Ex. B, at ¶ 11-12. the Companies Act grants a liquidator broad authority to act as necessary for winding up the affairs of the company and distributing its assets. *Id.* at ¶¶ 20-23. Phoenix Singapore's liquidation is subject to the supervision of the Singapore High Court. *Id.* at ¶ 25.

41.     The purpose of a liquidation under the Singapore Companies Act is to  wind up the company and distribute the assets of the company to the creditors and to return the surplus to the members of the debtor. *Id.* at ¶ 18 & 22. It can be terminated when the liquidators, after completing their duties, prepare a final account showing how the winding up has been conducted and the property of the company has been disposed of. *Id.* at ¶ 23. The debts and obligations of the company are therefore extinguished, and the company shall be dissolved on the expiration of 3 months after the lodging of the final account. *Id.*

42.     Bankruptcy courts (including this Court) have held that Singaporean liquidations constitute "foreign proceedings." *See, e.g.*, *In re Atom Holdings*, Case No. 23-14343-PDR, ECF No. 37 (Bankr. S.D. Fla. June 30, 2023) (granting recognition to a Singapore liquidation).

> **ii.      *Phoenix Singapore's Liquidation is a Foreign Main Proceedings Under Section 1502***

43.     Phoenix Singapore's liquidation further qualifies as "foreign main proceeding" under section 1502.

44.     Phoenix Singapore's liquidation is a foreign main proceeding because it is pending in Singapore, where its registered office is located in. *See* Ex. B, ¶ 5. Accordingly, its center of main interest is in Singapore. *See* 11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's main interests."). Since their appointment, the Singapore Liquidators have conducted various significant tasks in Singapore in connection to Phoenix Singapore's liquidation, such as performing all statutory duties includes the making of the relevant lodgments, advertisements and appointment letters, and conducting the recovery and realization of assets of Phoenix Singapore.  *See id.* at ¶ 25.

45.     Moreover, as Phoenix Singapore is a Singapore company in liquidation under the Singapore Companies Act, Singaporean law would likely apply to most disputes arising from its operations. As such, Singapore is the natural jurisdiction that would be ascertainable by third parties as Phoenix Singapore's centers of main interest. *See Servicios de Petroleo Constellation S.A.*, 600 B.R. at 272 (considering the following factors in assessing the debtor's COMI: the location of the debtor's headquarters, of those who manage the debtor, the jurisdiction of whose law would apply to most disputes, and the expectations of third parties as to the debtor's COMI).

C.     **Phoenix UAE's Liquidation is a Foreign Main Proceeding**

i.     ***Phoenix UAE's Liquidation is a Foreign Main Proceedings Under Section 101(23)***

46.     Phoenix UAE's liquidation is subject to the Dubai Multi Commodities Centre Authority Company Regulations ("DMCCA Regulations"). As discussed in the Leggett

Declaration, the DMCCA Regulations establishes a framework for winding up of companies incorporated under the Dubai Multi Commodities Centre that permits a company to realize its assets, settle its debts, distribute any remaining assets, and conclude its operations. Ex. C, at ¶ 12. Under the DMCCA Regulations, a liquidator acts pursuant to the DMCCA Regulations and on behalf of the company, and has the duties and powers set out in the DMCCA Regulations Schedule 1. *Id.* at ¶¶ 23-27. The liquidator has the ability to seek relief from the court with respect to any question pertaining the winding up and may also be removed by the court or a majority of the creditors. Ex. C, at ¶¶ 17 & 25.

47.     The purpose of a liquidation under the DMCCA Regulations is to realize the assets of the company and distribute the company's assets per the statutory priority. *Id.* at ¶ 18. As soon as the company's affairs are fully wound-up and prior to the company being dissolved, the liquidator shall prepare a summary of the winding-up, showing how it has been conducted and how the Company's property has been disposed of, following which the liquidator shall call a General Meeting of the Company and meeting of the Creditors for the purpose of presenting the summary and giving an explanation of it. *Id.* at ¶ 25.

> **ii.** **Phoenix UAE's Liquidation is a Foreign Main Proceedings Under Section 1502**

48.     Phoenix UAE's winding up further qualifies as "foreign main proceeding" under section 1502.

49.     Phoenix UAE's liquidation is a foreign main proceeding because it is pending in the UAE, where its registered office is located in. *See* Ex. C, ¶ 5. Accordingly, its center of main interest is in UAE. *See* 11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's main interests."). Since

SEQUOR LAW, P.A.

their appointment, the UAE Liquidator has performed have conducted various significant tasks in UAE in connection to Phoenix UAE's liquidation, such as performing all statutory duties including the making of the relevant lodgments following his appointment, issuing and administering proofs of debts to known creditors, and conducting the identification, recovery and realization of assets of Phoenix UAE. .  *See id.* at ¶ 28.

50.    Moreover, as Phoenix UAE is a UAE company in liquidation in UAE under the DMCCA Regulations, UAE law would likely apply to most disputes arising from Phoenix UAE's operations, particularly given Phoenix UAE's engagement in financial derivatives trading which caused liabilities exceeding US$ 400 million. Ex. A, ¶ 7. Accordingly, UAE is the natural jurisdiction that would be ascertainable by third parties as the Debtor's centers of main interest. *See Servicios de Petroleo Constellation S.A.*, 600 B.R. at 272.

## II.    The Foreign Representatives Qualify as "foreign representatives" Under Section 101(24)

51.    The Foreign Representations qualify as "foreign representatives" under section 101(24) of the Bankruptcy Code by virtue of their respective appointments. *See* Ex. A, at Exs. 1, 2 & 4; Ex. B, at Exs. 4 & 5; Ex. C, at Exs. 1 & 2.  The BVI Liquidators were appointed in the BVI Liquidation pursuant to a Qualifying Resolution of the creditors and were recognized by the BVI Court, all in accordance with the Insolvency Act. The UAE Liquidators were appointed in the UAE Liquidation via a notice of appointment pursuant to the DMCCA Regulations. The Singapore Liquidators were appointed in the pursuant to the Form 11 Notice of Resolution filed with the Registrar of Companies and Business of Singapore pursuant to the Singapore Companies Act.

16

52.     As The Foreign Representatives are authorized and have the power to, among other things, (i) administer the respective liquidations of the Debtors in their respective jurisdictions; (ii) to take possession of, protect, and realize Debtors' assets; and (iii) to distribute the assets or the proceeds of realization of the assets in accordance with the provisions of the relevant insolvency laws.

### III.     Debtors' Insolvency Proceedings Meet the Procedural Requirements of Section 1515

53.     As stated above, the requirements of section 1515 are satisfied because: (i) the Qualifying Resolution commencing the liquidation of the Debtor Phoenix Parent and the Creditor's Resolution appointing the BVI Liquidators, together with the Subsequent Orders confirming the current BVI Liquidators, are attached to the Jarvis Declaration as Exhibits 1, 2, and 4; (ii) the Member Form 11 Notice initiating the winding up of the Debtor Phoenix Singapore and the Creditor Form 11 Notice appointing the Singapore Liquidators are attached to the Becker Declaration as Exhibits 4 and 5; and (iii) the UAE Shareholder Resolution approving the winding up of the Debtor Phoenix UAE along with the UAE Notice of Appointment naming the UAE Liquidators, are attached to the Leggett Declaration as Exhibits 1 and 2.

54.     Further, the statements required by section 1515(c) of the Bankruptcy Code and Fed. R. Bankr. P. 1007(a)(4) are included in the attached Declarations.  Ex. A, at ¶¶ 27-28; Ex. B, at ¶¶ 28-29; Ex. C, at ¶¶ 30-31.

### CONCLUSION

WHEREFORE, the Foreign Representatives respectfully requests that the Court enter an Order, substantially in the form of **Exhibit "D"** attached, granting the relief requested herein and such other and further relief as the Court deems just and proper.

17

Dated: October 3, 2025                    Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202
edavis@sequorlaw.com
jmendoza@sequorlaw.com
mdrivero@sequorlaw.com


By:    */s/ Juan J. Mendoza*                    .
Edward H. Davis, Jr.
Florida Bar No. 704539
Juan J. Mendoza
Florida Bar No.: 113587
Miguel E. Del Rivero
Florida Bar No.: 1048586

18

*EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

|  |  |
|---|---|
| PHOENIX COMMODITIES PVT. LIMITED (in Liquidation) | Chapter 15 |
| Debtor in a Foreign Proceeding. _____/ | Case No.: _____ |

In re:

|  |  |
|---|---|
| PHOENIX PTE. LTD (in Liquidation) | Chapter 15 |
| Debtor in a Foreign Proceeding. _____/ | Case No.: _____ |

In re:

|  |  |
|---|---|
| PHOENIX GLOBAL DMCC (in Liquidation) | Chapter 15 |
| Debtor in a Foreign Proceeding. _____/ | Case No.: _____ |

**DECLARATION OF RYAN JARVIS IN SUPPORT OF PETITION
FOR RECOGNITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

I, Ryan Jarvis, Director at Deloitte hereby declare under penalty of perjury under the laws of the United States as follows:

1.    I am one of the joint liquidators (the "BVI Liquidators")[1] of Phoenix Commodities Pvt. Limited (In Liquidation) ("Phoenix Parent"), a company in liquidation under the laws of the British Virgin Islands ("BVI").

2.    I am over the age of 18 and I am duly authorized to make this declaration acting in my capacity as BVI Liquidator. Where the matters stated in this declaration are statements of

---

[1] The individuals comprising BVI Liquidators are Ryan Jarvis and John Johnston.

1

fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information obtained through the investigations (as described below) by the Liquidators, and are true to the best of my knowledge, information, and belief. If called upon, I could testify as to all matters set forth in this declaration.

3.      I make this Declaration in support of the *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion"), seeking recognition under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") of the insolvency proceedings of Phoenix Parent, Phoenix Pte. Ltd ("Phoenix Singapore"), and Phoenix Global DMCC (In Liquidation) ("Phoenix UAE", collectively hereinafter referred to as the "Debtors"). In particular, I make this Declaration to regarding the liquidation of Phoenix BVI.

## PHOENIX BVI AND ITS LIQUIDATION

4.      Phoenix Parent was incorporated in the BVI on September 25, 2001, with Company Number 464110. Its registered office is located at 3rd Floor Waters Edge Building, Meridian Plaza, Wickhams Cay 2, P.O. Box 3083, Road Town, Tortola, British Virgin Islands.

### Background of the Phoenix Group

5.      Prior to its liquidation, Phoenix BVI served as the ultimate holding company of a globally integrated enterprise (the "Phoenix Group") operating across the agrifoods, resources, and consumer brands sectors. The Phoenix Group consisted of approximately 100 corporate entities worldwide and employed around 2,500 people. Directly underneath Phoenix BVI is Phoenix UAE based in the United Arab Emirates and Phoenix Singapore registered and located in Singapore.

2

6.      In the agrifoods sector, the Phoenix Group was involved in farming, domestic and farm-gate procurement, processing, and sales, as well as the import and wholesale distribution of agricultural products. In the resources sector, the Phoenix Group focused primarily on metals and minerals merchanting. Through a subsidiary, it conducted trading in raw materials, including both ferrous and non-ferrous metals. The consumer brands division managed brand development, retail distribution, and logistics across a wide range of food and non-food categories, handling both agency and owned brands.

7.      The Phoenix Group, however, was suffering through a significant financial strain despite its outward representation as a financially sound organization. A third-party auditor revealed conducted an internal investigation and prepared report indicating that Phoenix Parent faced potential crystallized liabilities exceeding USD 400 million as a result of financial derivatives trading within Phoenix UAE, with projected total losses nearing USD 450 million. In addition, there were significant losses related to guarantees granted to several Phoenix Singapore's suppliers and counter parties.

8.      The predicted losses materialized and required Phoenix Parent to post substantial cash collateral, a demand it was unable to meet. Though Phoenix Parent's past directors spearheaded a financial restructuring initiative, including attempts to negotiate settlement agreements with specific lenders to forestall enforcement actions, these efforts ultimately proved unsuccessful.

**Phoenix Parent's Liquidation**

9.      On April 20, 2020, the member of Phoenix Parent passed a qualifying resolution (the "Qualifying Resolution") pursuant to the British Virgin Islands Insolvency Act of 2003 (the "BVI Insolvency Act") to wind up Phoenix Parent and to appoint Greig Mitchell of KRyS Global

and Andrew Hosking and Carl Jackson of Quantuma LLP as joint liquidators. The Qualifying Resolution is attached hereto as **Exhibit 1**. Subsequently, on May 8, 2020, at the first meeting of creditors of Phoenix Parent, the majority of its creditors passed a resolution appointing Ryan Jarvis of Deloitte Ltd. and Matt Smith of Deloitte LLP. (the "BVI Liquidators") as the BVI Liquidators at the first meeting of the creditors on May 8, 2020 (the "Creditors' Resolution"). The Creditors' Resolution is attached hereto as **Exhibit 2**.

10.    On June 15, 2020, the Eastern Caribbean Supreme Court, High Court of Justice (Virgin Islands Commercial Division), in Claim No. 77 of 2020 (the "BVI Court"), entered an order (the "Supervision Order") finding that BVI Parent was placed into liquidation pursuant to the Qualifying Resolution, and that the BVI Liquidators had been appointed pursuant to the Creditors' Resolution. and the Supervision Order further authorized the BVI Liquidators to seek recognition of Phoenix Parent's liquidation in any jurisdiction in which it the company has assets or in any jurisdiction in which the BVI Liquidators seek to obtain information in connection with its affairs. The Supervision Order is attached hereto as **Exhibit 3**.

11.    On December 13, 2023, John Johnston was appointed as co-BVI Liquidator of Phoenix Parent alongside Ryan Jarvis (the "Johnston Order"). The Johnston Order is attached hereto as **Exhibit 4**.

12.    After Phoenix Parent was placed into liquidation, its subsidiaries Phoenix Singapore and Phoenix UAE were placed in insolvency proceedings. These proceedings are further discussed in the Declarations of  Matthew Stuart Becker (as to Phoenix Singapore) and Paul James Leggett (as to Phoenix UAE).

## NATURE OF PHOENIX PARENT'S LIQUIDATION

13.    The BVI Insolvency Act authorizes the BVI Liquidators to administer the assets

and affairs of the Debtor. The laws of the BVI relating to insolvency are predominantly codified in the Insolvency Act 2003 and the Insolvency Rules 2005.

14.     A BVI company may be put into liquidation by a members' resolution to appoint a liquidator, or a liquidator may be appointed by an order of the BVI court.

15.     A qualifying resolution is one that must be passed by a majority of 75 per cent of the votes of the members, or such higher majority as may be required under the company's memorandum and articles of association. The insolvency practitioner(s) nominated to act as liquidators must consent in writing to act as the company's liquidator(s) prior to the passing of the resolution. A liquidation initiated by shareholders in this manner is deemed to commence at the time when the qualifying resolution is passed.

16.     The liquidators of a company shall call the first meeting of creditors to be held within 21 days of the date of their appointment. At such first creditors' meeting, the creditors may appoint another liquidator to replace the liquidator appointed by the members.

17.     Here, on April 20, 2020, Phoenix Parent's members passed a Qualifying Resolution to wind up the company on April 20, 2020, and appointing Greig Mitchell of KRyS Global and Andrew Hosking and Carl Jackson of Quantuma LLP as joint liquidators. Phoenix Parent was placed into liquidation on that date. Its initial liquidators were then replaced at the first meeting of creditors by the BVI Liquidators on May 8, 2020, pursuant to the Creditors' Resolution.

18.      Once the liquidation of a company commences

   a.  the liquidator has custody and control of the assets of the company;

   b.  the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted under the Act or otherwise authorized by the liquidator(s);

    c.   unless the court otherwise orders, no person may (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or (ii) exercise or enforce, or continue to exercise or enforce, any right or remedy over or against assets of the company;

    d.   unless the court otherwise orders, no share in the company may be transferred;

    e.   creditors may make claims against the company;

    f.   no alteration may be made in the status of or to the rights or liabilities of a member, whether by an amendment of the memorandum or articles or otherwise;

    g.   no member may exercise any power under the memorandum or articles, or otherwise, except for the purposes of the Insolvency Act;

    h.   no amendment may be made to the memorandum or articles of the company; and

    i.   the liquidator is an officer of the BVI Court and subject to the supervision of that Court.

19.    Once all of the assets of the insolvent company have been collected and all of the claims have been assessed, it is the duty of the liquidator(s) to apply the proceeds to the claims in order of their priority. Within each class of claims the creditors will rank *pari passu*, but until all of the admitted claims in a particular class are satisfied, no payment will be made to a lower ranking class.

20.    Liquidation can be terminated when the liquidator(s), after completing their duties, prepare a final report together with a statement of realizations and distributions for the creditors and members. This report is filed with the Registrar of Companies. Liquidation can also be terminated earlier by the court, on an application by the liquidator, a creditor, director or member, or the Official Receiver, if the court considers it is just and equitable to do so. The final step after liquidation is the dissolution of the company, after which the company ceases to exist, and no one can then act on behalf of the company.  The debts and obligations of the company are

totally extinguished.

## THE BVI LIQUIDATORS

21.     The BVI Insolvency Act authorizes the BVI Liquidators to administer the assets and affairs of Phoenix Parent. Once a liquidation commences, the liquidator is considered an officer of the BVI Court and subject to the supervision of that Court.  The BVI Liquidators have the power to take possession of, protect and realize the assets of the debtor and distribute the assets or the proceeds of realization of the assets in accordance with the provisions of the BVI Insolvency Act.

22.     Furthermore, it is within the scope of the BVI Liquidators powers, and they have the sanction of the Court (without limitation) to make an application to recognize their appointment in any jurisdiction in which the Company has assets, and in any jurisdiction in which they wish to obtain information in relation to the affairs of the Company.

23.     Pursuant to Schedule 2 of the BVI Insolvency Act, the powers of the BVI Liquidators are as follows:

    a.  Power to pay any class of creditors in full;

    b.  Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having alleged or alleging that they have any claim against the company, whether present or future, certain or contingent, ascertained or not;

    c.  Power to compromise, on such terms as may be agreed

        i.  calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person;

        ii.  questions in any way relating to or affecting the assets or the liquidation of the company;

d.  Power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Company;

e.  Power to carry on the business of the Company as may be necessary for Its beneficial liquidation;

f.  Power to sell or otherwise dispose of property of the Company;

g.  Power to do all acts and execute, in the name and on behalf of the Company, any deeds, receipts or other documents;

h.  Power to use the Company's seal;

i.  Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against this estate and to receive dividends, In the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors;

j.  Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business;

k.  Power to borrow money, whether on the security of the assets of the company or otherwise;

l.  Power to take out in his official name letters of administration to any deceased member or past member or debtor and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company;

m.  Power to call meetings of creditors or members for:

  i.  the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

  ii.  the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation;

  iii.  such other purpose connected with the liquidation as the liquidator considers fit;

n.   Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties;

o.   Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

p.   To take possession, protect and realize the assets of the Company and to sell or otherwise dispose of its assets.

24.     Since their appointment, the BVI Liquidators have been conducting the Debtor's activities out of (or primarily out of) BVI, which include conducting activities required under the statute such as notifying of the appointment of the liquidators to the company and the BVI Registrar, advertising the appointment of the liquidator in the BVI Gazette and BVI Beacon publications, opening a bank account, notifying the directors of the liquidators' appointment and requesting the statement of affairs and company books and records, and forming a creditors' committee.  The liquidators also (i) located, obtained and preserved the company's records, (ii) are investigating the company's assets and affairs, including inventory, trademarks, cash in bank, receivables, and potential claims, (iii) protect and preserve the company's viable assets, and (iv) are commencing legal proceedings against various entities.

## BASIS FOR RECOGNITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

25.     The initial focus of the BVI Liquidators has been to understand and investigate Phoenix BVI's financial transactions and assets held in the years leading up to the company being wound up.  The BVI Liquidators are also taking steps to pursue various leads to localize and realize potential asset recovery opportunities for the benefit of Phoenix BVI's creditors.  As part of these efforts, the BVI Liquidators seek recognition of Phoenix BVI's liquidation to obtain information relating to its assets in the United States and to assist in the tracing of the funds

received from Phoenix BVI,[2] and to the extent necessary, engage in actions to maximize the its estate for the benefit of its creditors.

## SECTION 1515(c) DISCLOSURES

26.     I am not aware of any pending foreign proceedings, as that term is defined in §101(23) of the Bankruptcy Code, regarding Phoenix BVI.

## RULE 1007(a)(4) DISCLOSURES

27.     I hereby provide the following information in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

   a.   Ryan Jarvis and John Johnston, of Deloitte Ltd have been appointed as the BVI Liquidators. The address of the BVI Liquidators is the following:

Attn: Ryan Jarvis
John Johnston
Deloitte Ltd.
Wickhams Cay 2, P.O. Box 3083, Road Town,
Tortola, British Virgin Islands

   b.   For purposes of these Chapter 15 cases, the BVI Liquidators request that any correspondence be sent, in addition to the addresses provided above, to:

Attn: Edward H. Davis, Juan J. Mendoza,
and Miguel E. Del Rivero
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

   c.   The Debtor is not party to any litigation in the United States.

   d.   The BVI Liquidators are not seeking provisional relief, under 11 U.S.C. § 1519.

[signature on following page]

---

[2] The Foreign Representatives have engaged Sequor Law, P.A. to represent them in the United States.  Sequor Law holds a retainer for the benefit of the Debtor in this District.

10

## 28 U.S.C. § 1746 VERIFICATION

I, Ryan Jarvis, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Phoenix Commodities Pvt. Limited (In Liquidation).

Executed on August 12 , 2025.

By: _____

Ryan Jarvis, as Liquidator of Phoenix
Commodities Pvt. Limited (in Liquidation), acting
as an agent of the company and without personal
liability

11

*EXHIBIT "1"*

PHOENIX COMMODITIES PVT, LTD.
Registration No. 464110 (the "Company")
BVI Business Companies Act (the "Act")

Minutes of a meeting of the Board of Directors of the above-named Company convened and held by telephone on 20 April 2020, at 2045 pm in the evening , London Time

Gaurav Dhawan, Eklavya Chandra

being all of the duly appointed directors of the Company do hereby waive all notice of time, place or purpose of a meeting.

---

**IT WAS NOTED AND DISCUSSED THAT:**

1. The Company had instructed Holman Fenwick Willan LLP ("HFW") as its English solicitors on 17 March 2020.  Quantama LLP ("Quantuma") were instructed on 18 March 2020 (together with HFW, the "Advisers").  The basis of those instructions was that the Advisers were very familiar with contracts based on the International Swaps and Derivatives Association ("ISDA") standard form and, in the case of Quantuma, as a boutique financial advisory firm, would be and were conflict free.

2. The Advisers were instructed by the Company to assess whether a restructuring of the Company could be achieved and what the reputational impact may be on the Company and its subsidiaries (together the "Phoenix Group").

3. The Company and the wider Phoenix Group has suffered significant losses primarily as a result of foreign exchange ("FX") trading entered into by the Company and other members of the Phoenix Group, which has sustained massive short-term losses since February 2020. These losses are estimated at US$400 million.

4. As Chief Executive, Mr Dhawan was concerned as to, not only the reputational damage to the Phoenix Group, but also the fact that some of the counterparties to the FX trading contracts had also provided funding lines to other companies within the Phoenix Group.

5. The Advisers have sought to verify the financial and legal situation, notwithstanding the fact that the global Covid-19 pandemic has effectively paralysed the Phoenix Group in terms of providing the relevant accounting information necessary for the Advisers to perform their respective roles.

6. The Advisers' best assessment was that the Company should seek the urgent appointment of provisional liquidators in the first instance and to seek to determine the ISDA Agreements where possible in order to crystallise the losses which, at some points, were worsening at in excess of US$30 million per day.

7. This board, after receiving that advice, resolved on 29 March 2020 that, provided the same was sanctioned and approved by the shareholders of the Company at a General Meeting:

   *"...in accordance with the procedures provided for by the Act cause and procure the Company to make an application for the appointment of joint liquidators in respect of its business, assets and affairs..."*

8. At a meeting of the shareholders of the Company later on 29 March 2020, it was unanimously resolved (among other things) that:

   *"The Company being insolvent and by reason of its liabilities approval was given for the Company to be wound up."*

9. The board further records that, after the passing of those Shareholders' and Directors' resolutions,



it was considered by the members of the board, in light of further restructuring advice (other than from the Company's Advisors) obtained by Mr Dhawan personally, that:

9.1. a solution to the Company's cash-flow insolvency was reasonably possible without recourse to an insolvency process and that Mr Dhawan had the authority to, and should, pursue on behalf of the Company such a solution by negotiation with the Company's creditors;

9.2. Mr Dhawan should continue pursuing such a solution so long as there was a reasonable prospect of it succeeding;

9.3. If such a solution were successfully negotiated, there would be no need to implement the aforementioned resolutions of the Company's shareholders and this board; and

9.4. If such a solution were not successfully negotiated and if, in the view of the board, there was no reasonable prospect of such a solution being negotiated in the future, that the board should reconvene to re-consider placing the Company into an insolvency process forthwith.

10. The board further recorded that it took the view that, by 2 April 2020, Mr Dhawan's attempts on behalf of the Company to negotiate a solution for the Company outside of an insolvency process had not been successful and they unanimously considered that there was no reasonable prospect of such a solution being negotiated in the future. Accordingly, there being no reasonable prospect of a solution to the Company's insolvency outside of an insolvency process, the board further resolved by resolution dated 2 April 2020 that the resolutions of the board of 29 March 2020 should be implemented forthwith.

11. Notwithstanding the above-mentioned resolutions and the availability of the documents necessary to present a petition for a winding-up order and to make an application for the appointment of provisional liquidators, the directors did not cause the Company to present that petition or make that application, but instead permitted the continued pursuit of a potential solution for the Company's financial position outside of an insolvency process.

12. Whilst attempting to negotiate such a solution for the Company, Mr Dhawan made contact with a number of his personal contacts in order to potentially raise borrowings (in his personal capacity) in order for him to seek to compromise or alternately settle the crystallised losses with the OTC Counterparties that Mr Dhawan considered would not impact on the overall liquidity of and reputation of the wider Phoenix Group in the marketplace.

13. This has resulted in the Company having to share some of the reports and conclusions provided by the Advisers, subject to hold harmless letters that contained non-disclosure provisions. Notwithstanding that, it would appear that some information has leaked or otherwise entered the public domain which undermines the Phoenix Group's reputation and which has led to a number of the funding banks to Phoenix Global DMCC ("Phoenix Dubai") withdrawing or reducing their credit facilities. Having received legal advice from HFW, it is clear that some of these banks will seek or may have already sought attachment orders or attachment notices against a variety of assets, which could include the Company's assets (or the assets of the Company's subsidiaries).

14. After taking further advice from the Advisors, the board now has taken the view that the Company should be voluntarily placed into liquidation forthwith, and thus steps should be taken to convene a General Meeting of the Company and a meeting of its creditors for the purpose of placing the Company into liquidation and appointing as joint liquidators Mr Greig Mitchell of KRyS & Associates (BVI) Limited trading as KRyS Global, Commerce House Building, 2nd Floor, 181 Main Street, PO Box 930, Tortola, VG1110, British Virgin Islands and Mr Andrew Hosking and Mr Carl Jackson of Quantuma LLP, High Holborn House, 52-54 High Holborn, London WC1V 6RL.

15. The board confirmed that neither the Company nor its directors had been a client of either KRyS Global or Quantuma LLP (prior to their instruction in respect of the present financial position) in the last three years, and there is no other conflict among the Company, its directors, KRyS Global and/or Quantuma LLP.

16. Having considered the Affidavit of Mr Phillip Baldwin dated 27 March 2020 (prepared for the purposes of the above-mentioned application to appoint provisional liquidators) and the letter to the Financial Services Commission dated 16 April 2020, the board is satisfied that Mr Andrew Hosking and Mr Carl Jackson fulfil the requirements of overseas insolvency practitioners set out under s.483 of the Insolvency Act 2003 to be appointed as joint liquidators of the Company together with Mr Greig Mitchell of KRyS Global.

17. The board will assume that all the directors remain responsible for the Company's affairs pending the commencement of the winding-up, this being the date the shareholders pass the resolution to wind-up the Company.

The directors accordingly hereby unanimously approve and adopt the following Resolutions passed pursuant to the Articles of Association of the Company and the Act.

**IT IS HEREBY RESOLVED THAT:**

1. Having considered the advice tendered to them and having regard to the Company's financial position, the Company should no longer continue to trade and that, accordingly, steps be taken to convene a General Meeting of the Company and a meeting of its creditors for the purpose of placing the Company into liquidation and appointing joint liquidators.

2. A General Meeting of the Company be convened pursuant to the Insolvency Act 2003 and be held by telephone on 20 April 2020 at 2045PM for the purpose of considering, and if thought fit passing, the following:

   **As a Resolution:**

   *"THAT, it having been proved to the satisfaction of the Members that the Company cannot by reason of its liabilities continue to trade, the Company be wound up voluntarily."*

   **As a Qualifying Resolution:**

   *"THAT Mr Greig Mitchell of KRyS & Associates (BVI) Limited trading as KRyS Global, Commerce House, 2nd Floor, 181 Main Street, Road Town, Tortola, British Virgin Islands and Mr Andrew Hosking and Mr Carl Jackson of Quantuma LLP, High Holborn House, 52-54 High Holborn, London WC1V 6RL are hereby appointed as Joint Liquidators for the purposes of such winding-up."*

3. A meeting of the creditors of the Company be convened pursuant to the Insolvency Act 2003 and be held at KRyS & Associates (BVI) Limited trading as KRyS Global, Commerce House Building, 2nd Floor, 181 Main Street, PO Box 930, Tortola, VG1110, British Virgin Islands on 7 May 2020 at a time to be fixed by the Joint Liquidators.

4. Gaurav Dhawan, as a director of the Company, is appointed chairman for the purposes of the aforementioned General Meeting.

5. Gaurav Dhawan, as a director of the Company, is authorised to sign the Company's statement of affairs.

6. Mr Greig Mitchell of KRyS Global, Commerce House Building, 2nd Floor, 181 Main Street, PO Box 930, Tortola, VG1110, British Virgin Islands and Mr Andrew Hosking and Mr Carl Jackson of Quantuma LLP, High Holborn House, 52-54 High Holborn, London WC1V 6RL be instructed to take the necessary steps on behalf of the Company and, in particular:

   a. To send to the shareholders and creditors of the Company notice of the required meetings;

   b. To advise the directors on the preparation of the statement of affairs and all other information to be laid before the creditors' meetings;

   c. To advise the directors on the financial control of the Company between the date of this meeting and the date on which the resolution to wind-up the Company is passed; and

   d. To chair the said meeting of creditors scheduled for 7 May 2020.



Dated this 20th day of April A.D. 2020

_____

Chairman of the Board of Directors

1

HFWLDN\48340333-1

PHOENIX COMMODITIES PVT, LTD.
Registration No. 464110 (the "Company")
BVI Business Companies Act (the "Act")

Minutes of a meeting of the shareholders of the above-named Company convened and held by telephone on 20 April 2020, at 2045 pm in the evening London Time

Present:

Gaurav Dhawan (Chairman)
Eklavya Chandra
Arup Gupta
Indrajit Ghosh
Ashish Narain
Govindaswamy Soobramoney
Nabil Abdul Massih

On motion, the Chair was taken by Mr Gaurav Dhawan and the minutes of the meeting were kept by him.

The Chairman confirmed that proper notice of the meeting had been duly waived by the shareholders and in accordance with Article 48 of the Company's Articles of Association more than 90% of the shareholders of the Company entitled to attend and vote on all matters at the meeting participated in the meeting.

The Chairman further confirmed that a quorum was present in person or participating via telephone (the persons present confirmed that they could clearly hear each other and recognised each other's identify by voice).

Nabil Marc Abdul-Massih has advised the meeting that the fund ASOR has been provisionally allocated shares but this allocation hasn't been completed as previously finalised. While the nominated fund is the provisional shareholder and has consented to attend this meeting he believes the shares are to be returned to the company in due course and register to reflect. Therefore as the representative of the nominated fund he would abstain from the meeting.

**IT WAS NOTED** by the Chairman that the purpose of the meeting was to consider, and if thought fit, pass the following resolutions:

1. THAT, it having been proved to the satisfaction of the Members that the Company cannot by reason of its liabilities continue to trade, the Company be wound up voluntarily.

2. THAT Mr Greig Mitchell of KRyS & Associates (BVI) Limited trading as KRyS Global, Commerce House, 2nd Floor, 181 Main Street, Road Town, Tortola, British Virgin Islands and Mr Andrew Hosking and Mr Carl Jackson of Quantuma LLP, High Holborn House, 52-54 High Holborn, London WC1V 6RL are hereby appointed as Joint Liquidators for the purposes of such winding-up.

**THE CHAIRMAN REPORTED** that although the shareholders had previously passed resolutions on 29 March 2020 to the effect that, the Company being insolvent and by reason of its liabilities was unable to continue to trade, approval was given for the Company to be wound up, the Company had in fact not been wound up.

1. In light of further restructuring advice (other than from the Company's advisors) obtained by the Chairman personally, it was considered by the board that the Chairman should pursue a solution to the Company's cash-flow insolvency without recourse to an insolvency process.

2. The board resolved on 2 April 2020 that the resolutions of 29 March 2020 should nonetheless be implemented forthwith, since the Chairman's attempts on behalf of the Company to obtain a negotiated solution for its financial position outside of an insolvency process had not been successful.

3. Notwithstanding the above-mentioned resolutions and the availability of the documents necessary to present a petition for a winding-up order and to make an application for the appointment of provisional liquidators, the directors did not cause the Company to present that petition or make that application, but instead permitted the continued pursuit of a potential solution for the Company's financial position outside of an insolvency process.

4. After taking further advice from the Company's advisors, the board now has taken the view that the Company is unable to continue trading because of its liabilities and it should be voluntarily placed into liquidation forthwith.

**THE CHAIRMAN FURTHER REPORTED** that whilst attempting to find a solution to the Company's financial position without recourse to an insolvency process, the Company shared some of the reports and conclusions of its advisors to third parties, subject to hold harmless letters containing non-disclosure provisions. Notwithstanding that, some of the information contained in those reports has leaked or otherwise entered into the public domain, undermining the Company's and its subsidiaries' reputation. Having received legal advice, it is clear that some of the Company's subsidiaries' creditors will seek or have already sought attachment orders or attachment notices against a variety of assets, which could include the Company's assets (or the assets of the Company's subsidiaries).

**IT WAS ACCORDINGLY NOTED** by the Chairman that the Company was insolvent and by reason of its liabilities and in all the circumstances it should be wound-up voluntarily and joint liquidators appointed.

**IT WAS FURTHER NOTED** that the proposed joint liquidators had each provided written confirmations of their consent to act as joint liquidators, and the same were laid before the meeting. The shareholders were satisfied that: **(i)** Mr Andrew Hosking and Mr Carl Jackson fulfil the requirements of overseas insolvency practitioners set out under s.483 of the Insolvency Act 2003 to be appointed as joint liquidators of the Company together with Mr Greig Mitchell of KRyS Global; and **(ii)** neither KRyS Global nor Quantuma LLP had been instructed by the Company or any of its directors (prior to their instruction in respect of the present financial position) in the last three years, and that there is no other conflict among the Company, its directors, KRyS Global and/or Quantuma LLP.

Upon motion duly proposed, seconded and carried, **IT WAS RESOLVED:**

### As a Resolution

1. THAT, it having been proved to the satisfaction of the Members that the Company cannot by reason of its liabilities continue to trade, the Company be wound up voluntarily.

### As a Qualifying Resolution

2. THAT Mr Greig Mitchell of KRyS & Associates (BVI) Limited trading as KRyS Global, Commerce House, 2nd Floor, 181 Main Street, Road Town, Tortola, British Virgin Islands and Mr Andrew Hosking and Mr Carl Jackson of Quantuma LLP, High Holborn House, 52-54 High Holborn, London WC1V 6RL are hereby appointed as Joint Liquidators for the purposes of such winding-up.

CHAIRMAN

*EXHIBIT "2"*

**PHOENIX COMMODITIES PVT. LTD (COMPANY NUMBER: 464110) ("THE COMPANY")**

**WRITTEN RESOLUTIONS OF THE CREDITORS**

It was noted that on 20 April 2020, the Members of the Company had passed a Qualifying Resolution to wind up the Company, pursuant to Sections 159(2) and 161 of the Insolvency Act 2003, and appoint Mr Greig Mitchell of KRyS Global, Commerce House Building, 2nd Floor, 181 Main Street, P.O. Box 930, Road Town, Tortola, VG1110, British Virgin Islands, Andrew Hosking and Carl Jackson of Quantuma LLP, High Holborn House, 52-54 High Holborn, London WC1V 6RL to act as Joint Liquidators.

In accordance with Section 179(4)(a) of the Insolvency Act 2003, the following resolution was proposed and carried by the majority of the creditors voting by proxy as a RESOLUTION of the voting creditors of the Company at the creditors meeting held on 8 May 2020:-

**Resolution 1**

"THAT Mr Ryan Jarvis of Deloitte Ltd, PO Box 3083, Road Town, Tortola, VG1110, British Virgin Islands and Mr Matt Smith of Deloitte LLP, 1 New Street Square, London, EC4A 3HQ, United Kingdom be appointed Joint Liquidators of the Company"

Dated 8th May 2020

**Greig Mitchell**
**Chairman**

*EXHIBIT "3"*

Case Number :BVIHCOM2020/0077



**FILED**
**HIGH COURT**
**TERRITORY OF**
**THE VIRGIN ISLANDS**

THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

VIRGIN ISLANDS

COMMERCIAL DIVISION

Claim No BVIHC (Com) 0077 of 2020

Submitted Date:15/06/2020 10:22

Filed Date:15/06/2020 10:22

Fees Paid:72.59

RYAN JARVIS and MATTHEW SMITH (as Joint
Liquidators of Phoenix Commodities PVT. Limited – In
Liquidation)

Applicant

And

PHOENIX COMMODITIES PVT. LIMITED (IN
LIQUIDATION)

Respondent

---

**ORDER**

---

BEFORE THE HONOURABLE MR JUSTICE ADRIAN JACK [AG]
MADE        :        15 June 2020
ENTERED        :        _15_ June 2020

UPON the application of Ryan Jarvis and Matthew Smith (the **Joint Liquidators**) as Joint Liquidators of Phoenix Commodities PVT Limited (in Liquidation) (the **Company**) made pursuant to Section 186(5) of the BVI Insolvency Act 2003 filed on 4 June 2020

AND UPON it appearing to the Court that the Company was placed into liquidation by a qualifying resolution of its shareholders on 20 April 2020 and that the Joint Liquidators were appointed at the first meeting of the creditors of the Company which took place on 8 May 2020 in place of the liquidators that were appointed on 20 April 2020

AND UPON the Court considering it appropriate to give these directions on the papers

IT IS ORDERED AND DIRECTED that:

15088559v1

1 of 5

1    In relation to the appointment and the powers of the Joint Liquidators that:

    (i)    The Company was put into liquidation pursuant to the provisions of the Insolvency Act 2003 by a qualifying resolution of its shareholders on 20 April 2020.

    (ii)   The Joint Liquidators were appointed as the Joint Liquidators of the Company at the first meeting of the creditors which took place on 8 May 2020.

    (iii)  The Joint Liquidators are officers of the Court with the general duties prescribed by Section 186 Insolvency Act 2003 and with the powers specified in Schedule 2 of the Insolvency Act 2003, replicated in the schedule to this Order.

    (iv)   It is within the scope of the Liquidators' powers and they have the sanction of the Court (without limitation) to make an application to recognise their appointment in any jurisdiction in which the Company has assets, and in any jurisdiction in which they wish to obtain information in relation to the affairs of the Company.

2    Notwithstanding the provisions of Section 421(3) Insolvency Act 2003:

    (i)    It is within the power of the Joint Liquidators and the Joint Liquidators shall be entitled to convene a further meeting of the creditors of the Company for the purposes of constituting a creditors' committee and appointing its first members.

    (ii)   It is within the power of the Joint Liquidators to invite the creditors of the company to constitute a creditors' committee and to appoint its first members by means of a written resolution, instead of at such a meeting.

    (iii)  The Joint Liquidators shall be entitled to rely upon any decision of a committee constituted pursuant to such a resolution as having validly approved the Joint Liquidators remuneration pursuant to Section 430(1) of the Insolvency Act 2003.

3    The Joint Liquidators shall convene a creditors meeting for the purposes of establishing a creditors committee, or invite the creditors to establish a creditors' committee by means of a written resolution within 6 months of the date of this order.

4    Until their remuneration is approved by the creditors' committee or fixed by the Court, the Joint Liquidators shall be entitled to be paid on account of their remuneration 80% of their remuneration and 100% of their expenses from the assets of the company.

5    The Joint Liquidators be at liberty to make any further applications for directions within this Claim Number.

6    The costs of this application be costs in the liquidation.

BY THE COURT

for the REGISTRAR (As. Dep)



SCHEDULE
**The Joint Liquidators Powers**

**THE SCHEDULE**

(a)    Power to pay any class of creditors in full;

(b)    Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having alleged or alleging that they have any claim against the company, whether present or future, certain or contingent, ascertained or not;

(c)    Power to compromise, on such terms as may be agreed

    (i)    calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person;

    (ii)   questions in any way relating to or affecting the assets or the liquidation of the company;

(d)    Power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Company;

(e)    Power to carry on the business of the Company as may be necessary for its beneficial liquidation;

(f)    Power to sell or otherwise dispose of property of the Company;

(g)    Power to do all acts and execute, in the name and on behalf of the Company, any deeds, receipts or other documents;

(h)    Power to use the Company's seal;

(i)    Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against this estate and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance as a separate

debt due from the bankrupt or insolvent, and rateably with the other separate creditors;

(j)    Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business;

(k)    Power to borrow money, whether on the security of the assets of the company or otherwise;

(l)    Power to take out in his official name letters of administration to any deceased member or past member or debtor and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company;

(m)    Power to call meetings of creditors or members for:

    (i)    the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

    (ii)    the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation;

    (iii)    such other purpose connected with the liquidation as the liquidator considers fit;

(n)    Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties;

(o)    Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

(p)    To take possession, protect and realise the assets of the Company and to sell or otherwise dispose of its assets.

**THE EASTERN CARIBBEAN SUPREME COURT**

**VIRGIN ISLANDS**

**IN THE HIGH COURT OF JUSTICE**

**COMMERCIAL DIVISION**

**Claim No BVIHC (Com) 77 of 2020**

**BETWEEN**

**RYAN JARVIS and MATTHEW SMITH (as Joint
Liquidators of Phoenix Commodities PVT.
Limited – In Liquidation)**

**Applicant**

**and**

**PHOENIX COMMODITIES PVT. LIMITED (In
Liquidation)**

**Respondent**

---

**ORDER**

---



**Legal Practitioners for the Applicant**

Tel:  +1 284 393 5323
Email:  awillins@applebyglobal.com

Andrew Willins
Jayla Place, PO Box 3190
Road Town, Tortola, British Virgin Islands

Ref:  AW. 448712.0001

*EXHIBIT "4"*

**Case Number :BVIHCOM2023/0262**

FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION
CLAIM NO.: BVIHCM2023/0262 AND OTHERS

IN THE MATTER OF THE INSOLVENCY ACT 2003

**Submitted Date:13/12/2023 12:19**

**Filed Date:13/12/2023 12:19**

**Fees Paid:72.59**

AND IN THE MATTER OF AFRICA RAILWAYS LIMITED (IN LIQUIDATION) AND OTHERS

**RYAN PAUL JARVIS**

**(IN HIS CAPACITY AS A JOINT LIQUIDATOR AND A JOINT RECEIVER/JOINT ADMINISTRATIVE RECEIVER)**

Applicant

and

**RACHELLE FRISBY**

Respondent

---

### ORDER FOR BLOCK TRANSFER OF APPOINTMENTS

---

**BEFORE:**      The Honourable Justice Gerhard Wallbank (Ag)

**DATED:**      12 December 2023

**ENTERED:** 13 Decem 2023

**UPON THE APPLICATION** dated 4 December 2023 of Mr Ryan Paul Jarvis (*Mr Jarvis*), who is an office-holder of the companies and in the capacities listed at paragraphs one to seven of this order (together, the *Appointments*), for an order replacing the Respondent, Ms Rachelle Frisby (*Ms Frisby*), as joint appointee / office-holder of the Appointments, with Mr John Johnston of Deloitte Ltd, Corner House, 20 Parliament Street, Hamilton, HM12, Bermuda (*Mr Johnston*)

**AND UPON READING** the First Affidavit of Mr Jarvis sworn on 1 December 2023 and the exhibits thereto

**AND UPON** Mr Johnston consenting to act in the Appointments

51314686.2

**AND UPON** Ms Frisby consenting to her removal from each of the Appointments

**AND UPON THE APPLICATION** having been considered and determined on the papers in accordance with CPR 11.14.

**IT IS HEREBY ORDERED** that:

1.  Pursuant to section 187 (1) (a) and 3(a) of the BVI Insolvency Act, 2003 (the **Act**), Ms Frisby be removed and Mr Johnston be appointed as a Joint Liquidator of **Africa Railways Limited (in Liquidation)** (company number 1555294) in place of Ms Frisby in claim number BVIHCOM 2019/0032;

2.  Pursuant to section 187 (1) (a) and 3 (a) of the Act, Ms Frisby be removed and Mr Johnston be appointed as a Joint Liquidator of **Phoenix Commodities PVT. Limited (in Liquidation)** (company number 464110) in place of Ms Frisby in claim number BVIHCOM 2020/0077;

3.  Pursuant to section 187 (1) (a) and 3 (a) of the Act, Ms Frisby be removed and Mr Johnston be appointed as a Joint Liquidator of **Kubes Ventures Ltd (in Liquidation)** (company number 1548615) in place of Ms Frisby in claim number BVIHCOM 2020/0120;

4.  Pursuant to section 187 (1) (a) and 3 (a) of the Act, Ms Frisby be removed and Mr Johnston be appointed as a Joint Liquidator of **AF Power Limited (in Liquidation)** (company number 1714411) in place of Ms Frisby in claim number BVIHCOM 2022/0097;

5.  Pursuant to section 187 (1) (a) and 3 (a) of the Act, MS Frisby be removed and Mr Johnston be appointed as a Joint Liquidator **of Penta Ultimate Holdings Limited (in Liquidation)** (company number 1845985) in place of Ms Frisby

6.  Pursuant to sections 123 (2) and 116 (2) of the Act, Ms Frisby be removed and Mr Johnston be appointed as a Joint Receiver of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (company number ▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮ (company number ▮▮▮▮ in place of Ms Frisby in claim number BVIHCOM 2023/0127; and

7.  Pursuant to sections 117 (1) (c) and 123 (2) of the Act, Ms Frisby be removed and Mr Johnston be appointed as a Joint Administrative Receiver of **GBG International Holding Limited** (in Administrative Receivership), (company number 1802081).

8.  The costs of this application be divided equally as costs and expenses incurred pursuant to the Appointments in the above respective proceedings.

**BY ORDER OF THE COURT**

**REGISTRAR**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**
**CLAIM NO. BVIHCOM**
**IN THE MATTER OF THE INSOLVENCY ACT, 2003**
**AND IN THE MATTER OF AFRICA RAILWAYS LIMITED (IN LIQUIDATION) AND OTHERS**

**RYAN PAUL JARVIS**
**(IN HIS CAPACITY AS A JOINT LIQUIDATOR**
**AND A JOINT RECEIVER/JOINT**
**ADMINISTRATIVE RECEIVER)**

<u>Applicant</u>

and

**RACHELLE FRISBY**

<u>Respondent</u>

---

**ORDER FOR BLOCK TRANSFER OF APPOINTMENTS**

---

**Harney Westwood & Riegels**
Legal Practitioners for the Applicant
Craigmuir Chambers, PO Box 71
Road Town, Tortola
British Virgin Islands
T (284) 494-2233| F (284) 494-3547
REF: 046588.0013/ CJP/NJG/IXI



*EXHIBIT "B"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

    PHOENIX COMMODITIES PVT.             Chapter 15
    LIMITED  (in Liquidation)

Debtor in a Foreign Proceeding.             Case No.:  _____
_____/

In re:

    PHOENIX PTE. LTD (in Liquidation)         Chapter 15

Debtor in a Foreign Proceeding.             Case No.:  _____
_____/

In re:

    PHOENIX GLOBAL DMCC
    (in Liquidation)                     Chapter 15

Debtor in a Foreign Proceeding.             Case No.:  _____
_____/

## DECLARATION OF MATTHEW STUART BECKER IN SUPPORT OF MOTION FOR ORDER OF RECOGNITION OF FOREIGN MAIN PROCEEDINGS PURSUANT TO §§ 1515 AND 1517

    I, Matthew Stuart Becker, Partner at Deloitte LLP, hereby declares under penalty of perjury under the laws of the United States as follows:

### BACKGROUND

    1.      I am one of the liquidators (the "Singapore Liquidators") of Phoenix Pte. Ltd ("Phoenix Singapore"), a company in liquidation under the laws of Singapore.

    2.      I am over the age of 18 and I am duly authorized to make this Declaration acting in my capacity as Singapore Liquidator.  Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true.  Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they

1

are derived from documents and/or information obtained through my investigation and are true to the best of my knowledge, information, and belief.  If called upon, I could testify as to all matters set forth in this Declaration.

3.      I make this Declaration in support of the *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "<u>Motion</u>") seeking recognition under Chapter 15 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") of Phoenix Commodities Pvt. Limited (in Liquidation) ("<u>Phoenix Parent</u>"), Phoenix Singapore, and Phoenix Global DMCC (In Liquidation) ("<u>Phoenix UAE</u>", collectively hereinafter referred to as the "<u>Debtors</u>").

4.      In particular, I make this Declaration to provide information regarding the liquidation processes under Singaporean law, the appointment and duties of a liquidator, and my appointment and actions as Singapore Liquidator.

## PHOENIX SINGAPORE AND ITS LIQUIDATION

5.      Phoenix Singapore was incorporated in Singapore on June 16, 1995, with 199504169R.  Its registered office is located at 6 Shenton Way, #33-00 OUE Downtown, Singapore 068809.

**6.**      Prior to its liquidation, Phoenix Parent served as the ultimate holding company of a globally integrated enterprise (the "<u>Phoenix Group</u>") operating across the agrifoods, resources, and consumer brands sectors. The background relating to Phoenix Singapore and its role in the Phoenix Group is described in detail in the Declaration of Ryan Jarvis filed concurrently herewith.

7.      On May 20, 2020, a former director of Phoenix Singapore filed a Form 65A Statutory Declaration under section 291(1) of the Singaporean Companies Act (Chapter 50) declaring Phoenix Singapore's inability to continue its business by reason of its liabilities and scheduling a meeting of creditors within a month of the declaration.  The Form 65A is attached

hereto as **Exhibit 1**. That same day, a resolution was passed by the former director to appoint Matthew Stuart Becker and Lim Loo Khoon of Deloitte LLP as the provisional liquidators of Phoenix Singapore (the "Provisional Singapore Liquidators"). The Provisional Singapore Liquidators filed a Form 72 Notice of Appointment and Situation of Office of Provisional Liquidators (in a Creditors' Voluntary Winding Up) (the "Form 72"). The Form 72 is attached hereto as **Exhibit 2**. Both Form 65A and Form 72 were lodged with the Registrar of Companies (the "Notices of Lodgment of Forms 65A & 72"). The Notices of Lodgment are attached hereto as **Composite Exhibit 3**. As a result, the provisional liquidators of Phoenix Singapore issued a notice of meeting of creditors of Phoenix Singapore to take place on June 3, 2020.

8.      On June 3, 2020, at the Extraordinary Meeting of Members, Ryan Jarvis—one of the Liquidators of Phoenix Parent and acting as chairman of the meeting—passed a special resolution to place Phoenix Singapore into a Creditors' Voluntary Winding Up, in accordance with Section 290(1)(b) of the Companies Act. An ordinary resolution was also simultaneously passed appointing the Provisional Singapore Liquidators, Matthew Stuart Becker and Lim Loo Khoon, to act as liquidators of Phoenix Singapore (the "Singapore Liquidators") for the purposed of the winding up.  Both orders are reflected in the Form 11 Notice of Resolution, with the annexure detailing the resolutions passed at the Extraordinary Meeting of Members (the "Member Form 11 Notice"), attached hereto as Exhibit 4. That same day, a meeting of creditors was held, where Matthew Stuart Becker acted as Chairman, and passed an ordinary resolution also appointing himself and Lim Loo Khoon as Singapore Liquidators. The form 11 notice of resolution with the annexure detailing the resolutions passed by the Meeting of Creditors (the "Creditor Form 11 Notice") is attached hereto as **Exhibit 5**.

9.      The lodgment of the Member Form 11 Notice and Creditor Form 11 Notice were also registered with the Registrar of Companies (the "Notices of Lodgment of Forms 11"). The Notices of Lodgment of Forms 11 are attached hereto as **Composite Exhibit 6**.

3

## THE NATURE OF PHOENIX SINGAPORE'S LIQUIDATION

10.    The substantive laws of Singapore relating to the winding up of companies incorporated in Singapore—at the time of the winding up of Phoenix Singapore—are contained in the Companies Act, Chapter 50 (the "Companies Act").[1]

11.    The Companies Act provides two main modes of handling the winding up of a company, by the Court or voluntary.

12.    Section 290(1) provides the circumstances in which a company may be wound up voluntarily. When the company is insolvent, a company may also commence a voluntary wind up by conducting a creditors' winding up under section 291 of the Companies Act. A creditor's winding up includes the appointment of a provisional liquidator and the holding of a creditors meeting.

13.    To seek a creditors' winding up, the company's directors must lodge with the registrar a statutory declaration stating that the company cannot by reason of its liabilities continue its business and that the company scheduled a meeting of creditors within one month of the declaration. The lodging of the declaration with the registrar commences the winding up of the company. The directors of the company shall then immediately appoint an approved liquidator to be the provisional liquidator. A provisional liquidator is a licensed insolvency practitioner whose primary role is to preserve the assets of the company between the winding up petition and the time the company is wound up.

14.    The provisional liquidator has powers akin to that of a liquidator subject to certain restrictions and limitations prescribed by the Rules, and its appointment generally continues for one month from the date of appointment until appointment of a liquidator by the company.

---

[1] The current substantive law of Singapore relating to the winding up of companies incorporated in Singapore is through the Insolvency, Restructuring and Dissolution Act (No. 40 of 2018) (IRDA) which came into effect on July 30, 2020. The Creditors' Winding Up was initiated prior to the passing of the IRDA.

4

15.     Upon the commencement of the winding up, the company ceases to carry on its business, except so far as is in the opinion of the liquidator required for the beneficial winding up thereof, but the corporate state and corporate powers of the company shall, notwithstanding anything to the contrary in its articles, continue until it is dissolved. Further, (2) any transfer of shares, not being a transfer made to or with the sanction of the liquidator, and any alteration in the status of the members made after the commencement of the winding up, shall be void.

16.     Sections 296 through section 299 of the Companies Act govern the provisions applicable only to creditors' voluntary winding up.

17.     Pertinently, Section 296 (1) states that "the company shall cause a meeting of the creditors of the company to be summoned for the day, or the day next following the day, on which there is to be held the meeting at which the resolution for voluntary winding up is to be proposed, and shall cause the notices of the meeting of creditors to be sent by post to the creditors simultaneously with the sending of the notices of the meeting of the company." Companies Act § 296.

18.     The selection of the liquidator is governed by section 297 which provides, "[t]he company shall, and the creditors may at their respective meetings, nominate a person to be liquidator for the purpose of winding up the affairs and distributing the assets of the company, and if the creditors and the company nominate different persons the person nominated by the creditors shall be liquidator, and if no person is nominated by the creditors the person nominated by the company shall be liquidator." Companies Act § 297(1).

On the appointment of a liquidator all the powers of the directors shall cease, except so far as the committee of inspection, or, if there is no such committee, the creditors, approve the continuance thereof. Companies Act § 297(4).

## THE SINGAPORE LIQUIDATORS

19.    After the appointment of the liquidator pursuant to a creditors' voluntary winding up, the liquidator is provided significant authority to realize the full winding up the company.

20.    The liquidator, pursuant to 272(2) may:

**(a)** bring or defend any action or other legal proceeding in the name and on behalf of the company;

**(b)** compromise any debt due to the company, other than calls and liabilities to calls and other than a debt where the amount claimed by the company to be due to it exceeds $1,500;

**(c)** sell the immovable and movable property and things in action of the company by public auction, public tender or private contract with power to transfer the whole thereof to any person or company or to sell the same in parcels;

**(d)** do all acts and execute in the name and on behalf of the company all deeds, receipts and other documents and for that purpose use when necessary the company's seal;

**(e)** prove, rank and claim in the bankruptcy of any contributory or debtor for any balance against his estate, and receive dividends in the bankruptcy in respect of that balance as a separate debt due from the bankrupt, and rateably with the other separate creditors;

**(f)** draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company with the same effect with respect to the liability of the company as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business;

**(g)** raise on the security of the assets of the company any money required;

**(h)** take out letters of administration of the estate of any deceased contributory or debtor, and do any other act necessary for obtaining payment of any money due from a contributory or debtor or his estate which cannot be conveniently done in the name of the company, and in all such cases the money due shall, for the purposes of enabling the liquidator to take out the letters of administration or recover the money, be deemed due to the liquidator himself;

**(i)** appoint an agent to do any business which the liquidator is unable to do himself; and

(j) do all such other things as are necessary for winding up the affairs of the company and distributing its assets.

Companies Act § 272(2).

21. Additionally, section 305(1)(a) provides that the liquidator possesses powers given by section 272(1)(b), (c), (d), and (e) that are ordinarily provided to a court appointed liquidator. The powers as enumerated by section 272 are as follows:

(b) subject to section 328, pay any class of creditors in full;

(c) make any compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging themselves to have any claim, present or future, certain or contingent, ascertained or sounding only in damages, against the company, or by which the company may be rendered liable;

(d) compromise any calls and liabilities to calls, debts and liabilities capable of resulting in debts, and any claims, present or future, certain or contingent, ascertained or sounding only in damages, subsisting, or supposed to subsist, between the company and a contributory or other debtor or person apprehending liability to the company, and all questions in any way relating to or affecting the assets or the winding up of the company, on such terms as are agreed, and take any security for the discharge of any such call, debt, liability or claim, and give a complete discharge in respect of any such call, debt, liability or claim;

(e) appoint a solicitor to assist him in his duties.

Companies Act § 272 (Sing.)

22. Additionally, section 305(2) provides that "the liquidator must pay the debts of the company and adjust the rights of the contributories among themselves." Companies Act § 305(2) (Sing.)

23. As soon as the affairs of the company are fully wound up, the liquidator shall make up an account showing how the winding up has been conducted and the property of the company has been disposed of, and thereupon shall call a general meeting of the company, or in the case of a creditors' voluntary winding up a meeting of the company and the creditors, for the purpose of laying before it the account and giving any explanation thereof. Companies

Act § 308 (1) (Sing.) The liquidator shall within 7 days after the meeting lodge with the Registrar and the Official Receiver a return of the holding of the meeting and of its date with a copy of the account attached to such return. On the expiration of 3 months after the lodging of the return with the Registrar and with the Official Receiver, the company shall be dissolved. Companies Act § 308 (3) (Sing.).

<u>**Liquidation of Phoenix Singapore**</u>

24.     In this case, the director of Phoenix Singapore resolved that it was in the interests of the company to pass a statutory declaration pursuant to Section 290(1) of the Companies Act (Cap. 50) to place Phoenix Singapore into provisional liquidation, with the intention of proceeding to a creditors' voluntary liquidation. As a result, I was appointed as one of the provisional liquidators. Upon the Extraordinary Meeting of Member, it was resolved that I be appointed as one of the Singapore Liquidators of Phoenix Singapore. This was solidified after the Meeting of Creditors, where I was also appointed as one of the Singapore Liquidators.

25.     Phoenix Singapore's voluntary winding up is subject to the supervision of the Singapore High Court. Since my appointment as liquidator, I have undertaken the following actions: (i) performing all statutory duties including the making the relevant lodgments, advertisements and appointment letters following my appointment as liquidator of Phoenix Singapore; (ii) conducting the recovery and realization of assets of Phoenix Singapore; and (iii) distributing net recovery proceeds to the relevant class(es) of creditors in accordance with the relevant governing statutes of Singapore.

**BASIS FOR RECOGNITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

26.     The initial focus of the Singapore Liquidators has been to understand and investigate Phoenix Singapore's financial transactions and assets held in the years leading up to the company being wound up. The Singapore Liquidators are also taking steps to pursue various leads to localize and realize potential asset recovery opportunities for the benefit of

Phoenix Singapore's creditors. As part of these efforts, the Singapore Liquidators seek recognition of Phoenix Singapore's liquidation to obtain information relating to Phoenix Singapore's assets in the United States and to assist in the tracing of the funds received from Phoenix Singapore, and to the extent necessary, engage in actions to maximize the Phoenix Singapore's estate for the benefit of its creditors.

## SECTION 1515(c) DISCLOSURES

27.     I am not aware of any pending foreign proceedings, as that term is defined in §101(23) of the Bankruptcy Code, regarding Phoenix Singapore.

## RULE 1007(a)(4) DISCLOSURES

28.     I hereby provide the following information in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

    a.   Matthew Stuart Becker and Lim Loo Khoon, care of Deloitte LLP, have been appointed as the Singapore Liquidators. The address of the Singapore Liquidators is the following:

> Attn: Matthew Stuart Becker
> Lim Loo Khoon
> Deloitte LLP
> 6 Shenton Way
> #33-00 OUE Downtown
> Singapore 068809

    b.   For purposes of these Chapter 15 cases, the Singapore Liquidators request that any correspondence be sent, in addition to the addresses provided above, to:

> Attn: Edward H. Davis, Juan J. Mendoza,
> and Miguel E. Del Rivero
> Sequor Law, P.A.
> 1111 Brickell Avenue, Suite 1250
> Miami, Florida 33131

    c.   Phoenix Singapore is not party to any litigation in the United States.

9

d.   The Singapore Liquidators are not seeking provisional relief, under 11 U.S.C. § 1519.

## <u>28 U.S.C. § 1746 VERIFICATION</u>

I, Matthew Stuart Becker, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Phoenix Pte. Ltd.

Executed on August 14 , 2025.

By: _____ _____ _____

Matthew Stuart Becker, as liquidator of  Phoenix Pte. Ltd (In Liquidation)

*EXHIBIT "1"*

<table>
<tr><td>THE COMPANIES ACT<br>(CHAPTER 50)<br>SECTION 291 (1)<br><br>**STATUTORY DECLARATION BY DIRECTORS OF COMPANY'S INABILITY TO CONTINUE BUSINESS BY REASON OF ITS LIABILITIES**</td><td>**FORM**<br><br>**65A**</td></tr>
</table>

**Name of Company: Phoenix Pte Ltd**

**Company No: 199504169R**

The Registrar of Companies & Businesses,
Singapore

\* I / ~~We,~~ ............... Tiong Hin Won, Eric ........................................................ of

17 Phillip Street, #05-01 Grand Building, S048695 .... NRIC / ~~Passport No~~ S0146842A

make oath and say as follows:

(1)  \*I / ~~We~~ \*am / ~~are~~ (a) director(s) of the abovenamed company.

(2)  The abovenamed company cannot by reason of its liabilities continue its business;

(3)  The meetings of the abovenamed company and of its creditors have been summoned for the   3rd   day of June 2020, being a date within one month of the date of this Statutory Declaration;

and \*I / ~~we~~ make this solemn declaration by virtue of the provisions of the Oaths and Declarations Act (Cap 211), and subject to the penalties provided by that Act for the making of false statements in statutory declarations, conscientiously believing the statements contained in this declaration to be true in every particular.

Declared at Singapore this 20th day of May 2020

Before me -

Signature : ..........................

**Tiong Hin Won, Eric**

Chang Shern Hin
C2020/0056

Commissioner for Oaths/Notary Public

<table>
<tr><td>Lodged in the office of the Official Receiver by<br><br>Name :<br><br>Address :<br><br>Tel No :      Fax No :</td><td>For Official Use<br><br>Date of Lodgement :<br><br>Receipt No :<br><br>Checked By :</td></tr>
</table>

*EXHIBIT "2"*

<table>
<tr><td colspan="2">

**THE COMPANIES ACT**
**(CHAPTER 50)**
**SECTIONS 291(1), 295(2), 297(1) AND 316(1)**

**NOTICE OF APPOINTMENT AND SITUATION OF OFFICE OF**
**PROVISIONAL LIQUIDATOR(S)/LIQUIDATOR(S)**
**(CREDITORS' VOLUNTARY WINDING UP)**

</td><td>

FORM

**72**

Folio No 1

</td></tr>
</table>

Name of Company:  Phoenix Pte Ltd
Company No:        199504169R
The Registrar of Companies & Businesses,
Singapore

\*I/We, Matthew Stuart Becker and Lim Loo Khoon ......... of 6 Shenton Way OUE Downtown 2 #33-00 Singapore 068809 .........
\*NRIC/Passport No(s) G3175583U & S6941154A, hereby give notice that –

1   The directors of the abovenamed company have made a statutory declaration that the company cannot by reason of its liabilities continue its business.

2   The statutory declaration was made on: 20 May 2020

3   The \*provisional liquidator(s)/~~liquidator~~(s) appointed \*~~is~~/are:
    (1)   Matthew Stuart Becker
    \*(2)   Lim Loo Khoon
    \*(3) ————————————
    \*(4) ————————————

4   Name of company/firm of \*provisional liquidator(s)/~~liquidator~~(s): Deloitte & Touche LLP

5   Address of company/firm: 6 Shenton Way OUE Downtown 2 #33-00 Singapore 068809

6   The appointment was made:
    \*by a resolution of the directors of the abovenamed company passed on 20 May 2020 ..................... ..................
    \*by a resolution of the creditors of the abovenamed company passed on ..................... ..................
    \*by resolutions of the abovenamed company passed on ......................................... and of its creditors passed on ...........................................
    \*by an order of the High Court made on ...........................................

Dated this 20th ............... day of May 2020 ...........................................

1. †Signature: ..................................... ..............      2. Signature: .........................................
   .............................................      .........................................
   Name of \*Provisional Liquidator/ ~~Liquidator~~        Name of \*Provisional Liquidator/ ~~Liquidator~~
   Matthew Stuart Becker                                    Lim Loo Khoon

_____
\* Delete where inapplicable.
† If there is more than one liquidator, all liquidators must sign.
====================================================================

| Lodged in the office of the Registrar of Companies & Businesses by | For Official Use |
|---|---|
| Name: | Date of Registration: |
| Address: | Receipt No: |
| A/c No:        Tel No:        Fax No: | Checked By: |

*EXHIBIT "3"*



# Notice by Directors of Company's Inability to Continue Business by Reason of Its Liabilities

## Entity Information

| UEN | Entity Name |
|---|---|
| 199504169R | PHOENIX PTE. LTD. |

## Declaration of Entity's Inability to Continue Business Details

**Director(s) who had made the Statutory Declaration**

☐ 533432328 : KNIGHT ANGELA LOUISE
☐ 548217360 : HADI BROCKLEHURST STUART FAYSAL
☑ S0146842A : TIONG HIN WON, ERIC

**Proposed Date of Meeting**
03/06/2020

**Date of Declaration**
20/05/2020

**Date Statutory Declaration lodged with Official Receiver**
20/05/2020

**Proposed Date of Creditor's Meeting**
03/06/2020

## Declaration

I, JANE TAN BEE HOON declare the above information submitted is true and correct to the best of my knowledge. I am aware I may be liable to prosecution if I submit any false or misleading information in this form.



# Acknowledgement

### Transaction Details

**UEN**
199504169R

**Entity Name**
PHOENIX PTE. LTD.

**Transaction Number**
C200263119

**Date & Time**
21/05/2020 18:06:58

| Descriptions | Amount(SGD) |
|---|---|
| Notice by Directors of Company's Inability to Continue Business by Reason of Its Liabilities | 0.00 |

Paid Amount     SGD  0.00

### Message Section

Your transaction has been submitted successfully.

Rate our e-Service



# Notice of Appointment/Cessation of Provisional Liquidator/Liquidator

### Entity Information

| | |
|---|---|
| **UEN** | **Entity Name** |
| 199504169R | PHOENIX PTE. LTD. |
| **Type of Winding Up** | |
| Creditor's voluntary winding up | |
| **Date of Resolution of Voluntary Winding Up** | |
| 20/05/2020 | |
| **Date of Commencement of Voluntary Winding Up** | |
| 20/05/2020 | |
| **Attach Copy of Resolution** | |
| Phoenix - Directors' Resolutions (PL Appointment).pdf | |

### Notice of Appointment and Cessation of Provisional Liquidator/Liquidator

**Notice of Appointment and Cessation of Provisional Liquidator/Liquidator [1/2]**

**Type of Appointment**
Provisional Liquidator

**Appointment Date**
20/05/2020

**Liquidator**
Accounting LLP

**Identification No.**
G3175583U

**Identification Type**
FIN

**Name of liquidator**
BECKER MATTHEW STUART

| | |
|---|---|
| **UEN** | **Entity Name** |
| T08LL0721A | DELOITTE & TOUCHE LLP |
| **Postal Code** | |
| 068809 | |
| **Block/House No.** | |
| 6 | |
| **Street Name** | |
| SHENTON WAY | |
| **Level** | |
| 33 | |

**Unit**
00

**Building/Estate Name**
OUE DOWNTOWN

---

Notice of Appointment and Cessation of Provisional Liquidator/Liquidator [2/2]

**Type of Appointment**
**Provisional Liquidator**

**Appointment Date**
20/05/2020

**Liquidator**
**Accounting LLP**

**Identification No.**
S6941154A

**Identification Type**
**NRIC (Citizen)**

**Name of liquidator**
LIM LOO KHOON

**UEN**                                         **Entity Name**
T08LL0721A                                      DELOITTE & TOUCHE LLP

**Postal Code**
068809

**Block/House No.**
6

**Street Name**
SHENTON WAY

**Level**
33

**Unit**
00

**Building/Estate Name**
OUE DOWNTOWN

---

Declaration

---

I, JANE TAN BEE HOON declare the above information submitted is true and correct to the best of my knowledge. I am aware I may be liable to prosecution if I submit any false or misleading information in this form.



# Acknowledgement

## Transaction Details

**UEN**
199504169R

**Entity Name**
PHOENIX PTE. LTD.

**Transaction Number**
C200263133

**Receipt Number**
ACRA200521064799

**EP Reference No.**
K0GRXTNY

**Payment Date**
21/05/2020 18:14:42

| Descriptions | Amount(SGD) |
|---|---|
| Notice of Appointment of Provisional Liquidator/Liquidator - IPTO | 20.00 |
| Notice of Appointment of Provisional Liquidator/Liquidator - ACRA | 0.00 |

**Paid Amount**    SGD  20.00

## Message Section

Your transaction(s) has been submitted successfully.

Rate our e-Service

ACRA
ACCOUNTING AND CORPORATE
REGULATORY AUTHORITY
10 Anson Road,#05-01/15
International Plaza, S(079903)

### RECEIPT

| | | | |
|---|---|---|---|
| Receipt No. | : ACRA200521064799 | ARN | : ARN20200521064797 |
| EP Reference No. | : K0GRXTNY | GST Registration No. | : M9-0008879-T |
| Paid By | : JANE TAN BEE HOON | Date/Time | : 21/05/2020 18:14:42 |
| Paid Via | : PayPal | | |

| S/No. | Transaction No. | Entity Name/UEN | Description | Amount (SGD) | Status |
|---|---|---|---|---|---|
| 1 | C200263133 | PHOENIX PTE. LTD.<br>199504169R | Notice of Appointment of Provisional Liquidator/Liquidator - IPTO | 20.00 | Completed |
| | | | Notice of Appointment of Provisional Liquidator/Liquidator - ACRA | 0.00 | |

| | | |
|---|---|---|
| GST(SGD)  0.00 | | TOTAL(SGD)  20.00 |

This is a computer-generated receipt. No signature is required.
It is important to print a copy of the receipt for future reference.

*GST Applicable.*

*EXHIBIT "4"*

**Annexure A**

# PHOENIX PTE LTD
### (IN PROVISIONAL LIQUIDATION)
### (COMPANY REGISTRATION NO. 199504169R)

The following resolutions were resolved at the Extraordinary General Meeting of Member of the above company on the 3rd day of June 2020:

**Special Resolution**

1.  That the company be wound up as a Creditors' Voluntary Winding Up pursuant to Section 290(1)(b) of the Companies Act, Cap. 50.

**Ordinary Resolution**

2.  That Matthew Stuart Becker and Lim Loo Khoon, both care of Deloitte & Touche LLP, 6 Shenton Way, OUE Downtown 2, #33-00 Singapore 068809 be appointed as the Liquidators of the Company for the purpose of the winding up.

Confirmed by:

Ryan Paul Jarvis
Chairman

Dated this 3rd day of June 2020.

*EXHIBIT "5"*

<table>
<tr><td>

THE COMPANIES ACT
(CHAPTER 50)/
The Companies Regulations 1987
‡Sections 17 (7), 26 (2), 30 (4), 31 (1) and (2),
33 (9), 34, 186 (1), 227B (1) and 290 (2)/
Regulations 24 and 66

## NOTICE OF RESOLUTION

</td><td>

FORM

# 11

Folio No  1

</td></tr>
</table>

Name of Company:     Phoenix Pte Ltd (In Provisional Liquidation)

Company No:     199504169R

The Registrar of Companies & Businesses,
Singapore

At a (general) meeting of the *members/creditors/~~directors~~ of the abovenamed company duly

convened and held at . . . . Zoom Video Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . on . . . . .3  June . . . . . . . . . 19 . . . 2020, the *special/

ordinary/~~Directors'~~ resolution set out *below/in the †annexure marked with the letter "A" and signed by

me for purposes of identification was *duly passed/~~agreed to~~.

(Set out resolution here if a copy thereof is not annexed).

Name(s) of person(s) who signed *this/these resolution(s)/minute(s) was/were:

Matthew Stuart Becker

The designation of the person signing the resolution(s) in the abovenamed company is:

Chairman

Dated this . 3ʳᵈ . . day of . . June . . . . . . . . . . . . . . . . . . 19 . . .2020

Signature: . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Liquidator

Name of *~~Director/Secretary~~: . . . .Matthew Stuart Becker . . . . . . .

‡ Delete whichever references to sections are inapplicable.
* Delete where inapplicable.
† Where a copy of the resolution is annexed, the annexure is to be endorsed as follows: "This is the annexure marked "A" referred
to in the notice of resolution signed by me on the . . . . . . day of . . . . . . . . . . . 19 . . . . ."

<table>
<tr><td>

**Lodged in the office of the Registrar of Companies & Businesses by**

Name:

Address:

A/c No:          Tel No:
                 Fax No:

</td><td>

**For Official Use**

Date of Registration:

Receipt No:

Checked By:

</td></tr>
</table>

Printed by Government Printers

<div align="right">**Annexure A**</div>

<div align="center">

**PHOENIX PTE LTD**
**(IN CREDITORS' VOLUNTARY LIQUIDATION)**
**(COMPANY REGISTRATION NO. 199504169R)**

</div>

The following resolutions were resolved at the Meeting of Creditors of the company on the 3rd day of June 2020:

**Ordinary Resolutions**

1. "That Matthew Stuart Becker and Lim Loo Khoon of 6 Shenton Way, OUE Downtown 2, #33-00, Singapore 068809, be appointed as Joint and Several Liquidators of Phoenix Pte Ltd."

2. "That a Committee of Inspection be appointed pursuant to Section 298 of the Companies Act."

3. "That the Joint and Several Liquidators be conferred the authority to appoint Rajah & Tann Singapore LLP to assist the Liquidators in the liquidation administration."

4. "That the Joint and Several Liquidators be conferred the authority to compromise claims and debts"

Confirmed by:

Matthew Stuart Becker
Chairman

Dated this 3rd day of June 2020.

*EXHIBIT "6"*



# Notice of Resolution

## Entity Information

**UEN**
199504169R

**Entity Name**
PHOENIX PTE. LTD.

**Resolution type**
VOLUNTARY WINDING UP S290(2)

## Voluntary winding up S290(2)

**Date of Meeting**
03/06/2020

**Copy of Resolution**
PHOENIX - F11 (MEMBERS RESOLUTIONS).PDF

**Description**
PLEASE REFER TO ATTACHED RESOLUTIONS

☐ **Copy of Minute by Representative of Holding Company**

## Declaration

I, JANE TAN BEE HOON declare the above information submitted is true and correct to the best of my knowledge. I am aware I may be liable to prosecution if I submit any false or misleading information in this form.

# Acknowledgement

## Transaction Details

**UEN**
199504169R

**Entity Name**
PHOENIX PTE. LTD.

**Transaction Number**
C200288565

**Date & Time**
05/06/2020 17:34:18

| Descriptions | Amount(SGD) |
| --- | --- |
| Notice of Resolution (Voluntary winding up (S290(2))) | 0.00 |

**Paid Amount**    SGD  0.00

## Message Section

Your transaction has been submitted successfully.

Rate our e-Service

**Tan, Jane BH**

---

**From:**                 acra_bizfile@acra.gov.sg
**Sent:**                 Friday, 5 June 2020 05:36 pm
**To:**                   Tan, Jane BH
**Subject:**             [EXT] Appointment of liquidator is required

Dear Sir/Mdm,

Voluntary Winding Up S(290(2)/ Para 36(2) of Fifth Schedule (email , payment screen)

Entity Name: PHOENIX PTE. LTD.
UEN: 199504169R
Transaction Name: Notice of Resolution
Transaction No.: C200288565

Please submit Appointment of Liquidator within 14 days from date of appointment of Liquidator.

Thank you.

Regards,
Accounting and Corporate Regulatory Authority (ACRA)

*************************************************************************
This is a system-generated email. Please do not reply to this email.
For more information, please visit our website at www.acra.gov.sg or use our interactive virtual assistant,
AskJamie@ACRA.

1




# Notice of Resolution

## Entity Information

**UEN**
199504169R

**Entity Name**
PHOENIX PTE. LTD.

**Resolution type**
ORDINARY RESOLUTION

## Ordinary Resolution

**Nature of Ordinary Resolution**
ORDINARY RESOLUTION NOT UNDER S186(1)(B) AND S76B(9)

**Description**
PLEASE REFER TO ATTACHED RESOLUTIONS

**Date of Meeting**
03/06/2020

**Copy of Resolution**
PHOENIX - F11 (CREDITORS RESOLUTIONS).PDF

☐ **Copy of Minute by Representative of Holding Company**

## Declaration

I, JANE TAN BEE HOON declare the above information submitted is true and correct to the best of my knowledge. I am aware I may be liable to prosecution if I submit any false or misleading information in this form.



# Acknowledgement

## Transaction Details

**UEN**
199504169R

**Entity Name**
PHOENIX PTE. LTD.

**Transaction Number**
C200288554

**Date & Time**
05/06/2020 17:30:56

| Descriptions | Amount(SGD) |
| --- | --- |
| Notice of Resolution (Ordinary Resolution) | 0.00 |

**Paid Amount**    SGD   0.00

## Message Section

Your transaction has been submitted successfully.

Rate our e-Service

*EXHIBIT "C"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

      PHOENIX COMMODITIES PVT.              Chapter 15
      LIMITED  (in Liquidation)

Debtor in a Foreign Proceeding.          Case No.:  _____
_____/

In re:

      PHOENIX PTE. LTD (in Liquidation)      Chapter 15

Debtor in a Foreign Proceeding.          Case No.:  _____
_____/

In re:

      PHOENIX GLOBAL DMCC
      (in Liquidation)                   Chapter 15

Debtor in a Foreign Proceeding.          Case No.:  _____
_____/

**DECLARATION OF PAUL JAMES LEGGETT IN SUPPORT OF
MOTION FOR ORDER OF RECOGNITION OF FOREIGN MAIN
PROCEEDINGS PURSUANT TO §§ 1515 AND 1517**

      I, Paul James Leggett, Partner at Deloitte, hereby declare under penalty of perjury under

the laws of the United States as follows:

**BACKGROUND**

      1.      I am the liquidator (the "UAE Liquidator") of Phoenix Global DMCC (in

Liquidation) ("Phoenix UAE"), a company in liquidation under the laws of the Dubai Multi

Commodities Centre ("DMCC') free zone, in the United Arab Emirates ("UAE").

      2.      I am over the age of 18 and I am duly authorized to make this Declaration acting

in my capacity as Liquidator of Phoenix UAE.  Where the matters stated in this declaration are

statements of fact that are within my personal knowledge, they are true.  Where the matters

stated in this declaration are statements of fact that are not within my personal knowledge, they

1

are derived from documents and/or information obtained through my investigation and are true to the best of my knowledge, information, and belief. If called upon, I could testify as to all matters set forth in this Declaration.

3. I make this Declaration in support of the *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "<u>Motion</u>") seeking recognition under Chapter 15 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") of Phoenix Commodities Pvt. Limited (in Liquidation) ("<u>Phoenix Parent</u>"), Phoenix Pte. Ltd ("<u>Phoenix Singapore</u>"), and Phoenix UAE (collectively hereinafter referred to as the "<u>Debtors</u>").

4. In particular, I make this Declaration to provide information regarding the liquidation processes under UAE law, the appointment and duties of a liquidator, and my appointment and actions as Liquidator of Phoenix UAE.

## PHOENIX UAE AND ITS LIQUIDATION

5. Phoenix UAE was incorporated in the DMCC, UAE on 27 June 2011, with Company Registration Number DMCC2774 and Company License Numbers DMCC-30113 and DMCC-080265. Its registered office was located at Mazaya Business Avenue, Tower AA1, 23rd Floor, Dubai.

6. Prior to its liquidation, Phoenix Parent served as the ultimate holding company of a globally integrated enterprise (the "<u>Phoenix Group</u>") operating across the agrifoods, resources, and consumer brands sectors. The background relating to Phoenix UAE and its role in the Phoenix Group is described in detail in the Declaration of Ryan Jarvis filed concurrently herewith.

7. Phoenix Parent, the sole shareholder of Phoenix UAE, was put into liquidation on April 20, 2020. On May 21, 2020, the liquidator of Phoenix Parent, acting as the shareholder

of Phoenix UAE, passed a shareholder's resolution to replace all of the directors and the general manager of Phoenix UAE.

8.      On May 26, 2020, Phoenix Parent passed a shareholder resolution (the "<u>UAE Shareholder Resolution</u>") for the insolvent voluntary winding up of Phoenix UAE pursuant to Regulation 99 and Section 19 of the Dubai Multi Commodities Centre Authority Company Regulations 2020 ("<u>DMCCA Regulations 2020</u>"). The UAE Shareholder Resolution also resolved to hold a meeting of Phoenix UAE's creditors ("Creditors' Meeting") within ten days of its general meeting and nominated me and Matthew David Smith of Deloitte to serve as liquidators. The UAE Shareholder Resolution approving the winding up of Phoenix UAE is attached hereto as **Exhibit 1**.

9.      On May 31, 2020, Phoenix UAE passed a shareholder resolution nominating me to act as chairman of the Creditors' Meeting.

10.     On June 9, 2020, at the Creditors' Meeting, Matthew David Smith and me were appointed as joint liquidators of Phoenix UAE (the "<u>UAE Liquidators</u>"). The notice of appointment of the Phoenix UAE Liquidators (the "<u>UAE Notice of Appointment</u>") is attached hereto as **Exhibit 2**.

11.     On 31 March 2021, Matthew David Smith resigned as liquidator in accordance with Regulation 150.1 of the DMCCA Regulations 2020.

### NATURE OF PHOENIX UAE'S WINDING UP

12.     The substantive laws relating to the winding up of companies incorporated in the DMCC are contained in the DMCCA Company Regulations issued on 10 October 2024, and updated on 2 January 2025 (the "<u>DMCCA Regulations 2025</u>"). The winding up process is a liquidation process that permits a company to close its operations, realise its assets, settle its

liabilities, distribute any remaining assets to its owners, and conclude its operations.[1]

13.     The DMCCA Regulations 2025 provide for the voluntary winding up of a company in situations when the company is solvent (Section 17 or 18) or insolvent (Section 19). The DMCCA Regulations 2025 also govern the involuntary winding up of a company (Section 20).

14.     Relevant here, Regulation 124.1 provides the requirements for the voluntary winding up of an insolvent company, which requires the company to call a general meeting to propose the insolvent winding up, call a meeting of creditors within 10 business days of the general meeting and distribute the notices, appoint a chairman for the meeting of creditors, and propose a liquidator for the company. The directors of the company shall also produce a statement of the company's affairs and present such statement to the creditor's meeting, and appoint a director to attend the meeting (Regulation 124.2).

15.     Upon liquidation, the officers and / or employees involved in the management of the company must comply with reasonable requests and directions by the liquidator(s) (Regulation  153).

16.     In a winding up, a creditor who has a claim against the company must submit a proof of debt in the prescribed form including the details of the claim, such as the creditors' information, the claim amount and interest, the basis for the claim, and whether the claim is secured (Regulation 155). The proof of debt may be admitted or challenged by the liquidator in whole or in part (Regulation 156).

17.     The liquidator, any contributory, or any creditor may apply to the court in relation to any question in connection with the winding up (Regulation 162).

---

[1] The laws of UAE also provide for the bankruptcy of a company that is triggered when a company cannot pay its debts and leads to liquidation or restructuring of the company under supervision of the court.

18.     The DMCCA Regulations 2025 also provide that the company's property shall be realised and distributed to satisfy the company's liabilities in a *pari passu* basis in the following order of priority: (i) expenses of liquidator, (ii) remuneration of liquidator, (iii) payment of secured debts, (iv) payment of applicable employees or former employees, (v) amounts owed to the DMCCA or other government authority, (vi) payment of unsecured debts, and (vii) lastly, to the shareholders according to their right in the company (Regulations 160 and 161).

19.     Where a company has been dissolved in accordance with the DMCCA Regulations 2025, its remaining property and records shall be disposed of, in the case of an insolvent winding-up, in accordance with the directions of the liquidation committee, or where there is no liquidation committee, the company's creditors (Regulation 164).

## THE UAE LIQUIDATORS

20.     The appointment of a liquidator is governed by Regulation 125, which provides that creditors of the company shall appoint the liquidator at the creditors' meeting. The chairman of the creditors' meeting is responsible for preparing a notice of appointment of the liquidator(s) in the form prescribed by the Registrar from time to time. The notice must be signed by the appointed liquidator(s), and the liquidator(s) appointment becomes effective on the date the chairman certifies the notice of appointment.

21.     The DMCCA Regulations 2025 permit the appointment of a liquidation committee to assist the liquidator(s) to discharge their functions and act in relation to the liquidator in such a manner as may be agreed from time to time (Regulation 129).

22.     Upon the appointment of the liquidator(s), all powers of the company's directors cease, except as permitted by the company at a general meeting or the liquidator (Regulation 119).

23.    After the appointment of the liquidator, the liquidator is provided significant authority to realize the full winding up of the company.

24.    The powers of a Liquidator in a winding up are provided in Schedule 1 of the DMCCA Regulations 2025 and are as follows:

1.    Power to pay any class of Creditors in part or in full to the extent that funds are available.

2.    Power to make any compromise or arrangement with Creditors or persons claiming to be Creditors, or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the Company, or whereby the Company may be rendered liable.

3.    Power to compromise, on such terms as may be agreed:

(a) all calls and liabilities to calls, all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting or supposed to subsist between the Company and a Shareholder or other person liable to contribute to the assets of the Company or person alleged to be such or other debtor or person apprehending liability to the Company; and

(b) all questions in any way relating to or affecting the assets or the winding-up of the Company, and take any security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

4.    Power to bring or defend any action or other legal proceeding in the name and on behalf of the Company.

5.    Power to summon General Meetings of the Company and/or Creditors for the purpose of obtaining its sanction by resolution or any for any other purpose he may think fit.

6.    Power to carry on the business of the Company so far as may be necessary for its beneficial winding-up.

7.    Power to sell any of the Company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

8.    Power to do all acts and execute, in the name and on behalf of the Company, all deeds, receipts and other documents and for that purpose to use, when necessary, the Company's seal.

9.  Power to prove, rank and claim in the bankruptcy, insolvency, liquidation or sequestration of any Shareholder or other person liable to contribute to the assets of the Company for any balance against his estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from that party, and rateably with the other separate Creditors.

10. Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company, with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or endorsed by or on behalf of the Company in the course of its business.

11. Power to raise monies on the security of the assets of the Company any money requisite.

12. Power to take out in his official name letters of administration to any deceased Shareholder or other person liable to contribute to the assets of the Company, and to do in his official name any other law necessary for obtaining payment of any money due from such person's estate which cannot conveniently be done in the name of the Company.  In all such cases the money due is considered, for the purpose of enabling the liquidator to take out the letters of administration or recover the money, to be due to the liquidator himself.

13. Power to appoint an agent to do any business which the liquidator is unable to do himself.

14. Power to do all such other things as may be necessary for winding-up the Company's affairs and distributing its assets.

25.     The liquidator may be removed by the court for cause, by the majority (by value) of creditors in a meeting of creditors, or in the case of solvent or summary winding up, by ordinary resolution of the company (Regulation 151).

26.     As soon as the Company's affairs are fully wound-up and prior to the Company being dissolved, the liquidator shall prepare a summary of the winding-up, showing how it has been conducted and how the Company's property has been disposed of, following which the liquidator shall call a General Meeting of the Company for the purpose of presenting the summary and giving an explanation of it (Regulation 114). Notice specifying the time, place and object of the General Meeting shall be published in a manner prescribed by the registrar

from time to time, at least fifteen business days prior to the date of the General Meeting (Regulation 114.3).

27.    Within five business days of the date of the meeting, the liquidator shall submit to the registrar a copy of the summary and minutes of the meeting (Regulation 114.4).

### Phoenix UAE's Winding Up

28.    In this case on May 21, 2020, a shareholder resolution removed all directors of Phoenix UAE, with notice promptly sent to the former directors. Shortly thereafter, on May 26, 2020, Phoenix UAE was placed into an insolvent voluntary liquidation pursuant to a shareholder resolution passed by the Phoenix Parent. It was also resolved to hold a Creditors' Meeting within ten days of its general meeting and Matthew David Smith and I were nominated to serve as liquidators. On June 9, 2020, at the Creditors' Meeting, Matthew David Smith and me were appointed as Liquidators of Phoenix UAE. On 31 March 2021, Matthew David Smith resigned as a liquidator in accordance with Regulation 150.1 of the DMCC Regulations 2020.

29.    Since my appointment as UAE Liquidator, I have conducted the following actions: (i) performing all statutory duties including the making the relevant lodgments following my appointment as liquidator of Phoenix UAE; (ii) collated and stored all hard copy books and records of Phoenix UAE; (iii) identified and investigated the existence of assets to realise value for the liquidation estate; (iv) issued proof of debts to all known creditors and collated their claims, however, formal adjudication has not yet taken place as the liquidator is not in a position to make a distribution to unsecured creditors; (v) initiated legal proceedings to recover assets and potentially enhance the recoverability for the creditors of the estate; (vi) held meetings and issued correspondence to creditors.

### BASIS FOR RECOGNITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

8

30. The initial focus of the UAE Liquidator has been to understand and investigate Phoenix UAE's financial transactions and assets held in the years leading up to the company being wound up. The UAE Liquidator is also taking steps to pursue various leads to localize and realize potential asset recovery opportunities for the benefit of Phoenix UAE's creditors. As part of these efforts, the UAE Liquidator seeks recognition of Phoenix UAE's liquidation to obtain information relating to its assets in the United States and to assist in the tracing of the funds received from Phoenix UAE, and to the extent necessary, engage in actions to maximize its estate for the benefit of its creditors.

<div align="center">

**SECTION 1515(c) DISCLOSURES**

</div>

31. I am not aware of any pending foreign proceedings, as that term is defined in §101(23) of the Bankruptcy Code, regarding Phoenix UAE.

<div align="center">

**RULE 1007(a)(4) DISCLOSURES**

</div>

32. I hereby provide the following information in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

   a. Paul James Leggett and Matthew David Smith, of Deloitte, were appointed as the UAE Liquidators. Matthew David Smith has since resigned leaving Paul Leggett as the sole UAE Liquidator. The address of the UAE Liquidator is the following:

<div align="center">

Attn: Paul James Leggett
Deloitte Professional Services (DIFC) Limited
Dubai International Financial Centre,
Currency House, Building 1, Level 5
Dubai,
United Arab Emirates

</div>

   b. For purposes of these Chapter 15 cases, the UAE Liquidator requests that any correspondence be sent, in addition to the addresses provided above, to:

<div align="center">

Attn: Edward H. Davis, Juan J. Mendoza,
and Miguel E. Del Rivero
Sequor Law, P.A.

</div>

<div align="center">9</div>

1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

c.  The Debtor is not party to any litigation in the United States.

d.  The UAE Liquidator is not seeking provisional relief, under 11 U.S.C. § 1519.

[signature on following page]

## **28 U.S.C. § 1746 VERIFICATION**

I, Paul James Leggett, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Phoenix Global DMCC (in Liquidation).

Executed on September ___, 2025.

By: _____

Paul James Leggett

11

*EXHIBIT "1"*



**NOTARIAL CERTIFICATE**

I, **NELSON R. SAMUEL**, Notary Public for the Territory of the British Virgin Islands **DO HEREBY CERTIFY** that the attached SHAREHOLDER'S RESOLUTION OF THE COMPANY FOR AN INSOLVENT VOLUNTARY WINDING UP PURSUANT TO REGULATION 122.1 (A) OF THE DUBAI MULTI COMMODITIES CENTRE AUTHORITY COMPANY REGULATIONS 2020 dated 26th May 2020 of **PHOENIX GLOBAL DMCC** (the "Company"), has been duly signed by **Ryan Paul Jarvis**.

Dated in Road Town, Tortola, British Virgin Islands, this 10th day of June, 2020.



**Nelson R. Samuel**
**Notary Public**
**British Virgin Islands**
**Tel: 284-494-2418. Email: info@nrsamuel.com**

**APOSTILLE**
*(Convention de la Haye du 5 Octobre 1961)*

1.    Country:  British Virgin Islands

This public document

2.    has been signed by: **Nelson R. Samuel**

3.    acting in the capacity of: **Notary Public**

4.    bears the Seal/Stamp of: **Nelson R. Samuel**

**CERTIFIED**

5.    at:   Road Town, Tortola

6.    the: 10th day of June, 2020

7.    by:   Deputy Governor

8.    No.:   L 045049

9.    Seal/Stamp:

10.    Signature:

*(for)* DEPUTY GOVERNOR





*UAE*

## APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. **Country:**
   Pays / País:
   United Kingdom of Great Britain and Northern Ireland

   **This public document**
   Le présent acte public / El presente documento público

2. **Has been signed by**
   a été signé par
   ha sido firmado por
   Aisha Hill

3. **Acting in the capacity of**
   agissant en qualité de
   quien actúa en calidad de
   Member of the Staff of the Governor and
   Commander-in-Chief, (British Virgin Islands)

4. **Bears the seal / stamp of**
   est revêtu du sceau / timbre de
   y está revestido del sello / timbre de
   Not applicable

   **Certified**
   Attesté / Certificado

5. **at**       London           6. **the**       22 June 2020
   à / en                           le / el día

7. **by**
   par / por
   Her Majesty's Principal Secretary of State
   for Foreign and Commonwealth Affairs

8. **Number**
   sous no / bajo el número
   APO-1932200

9. **Seal / stamp**       10. **Signature**       A. Wareham
   Sceau / timbre              Signature
   Sello / timbre              Firma

This Apostille is not to be used in the UK and only confirms the authenticity of the signature, seal or stamp on the attached UK public document. It does not confirm the authenticity of the underlying document. Apostilles attached to documents that have been photocopied and certified in the UK confirm the signature of the UK official who conducted the certification only. It does not authenticate either the signature on the original document or the contents of the original document in any way.

If this document is to be used in a country not party to the Hague Convention of the 5th of October 1961, it should be presented to the consular section of the mission representing that country

**PHOENIX GLOBAL DMCC**

**Company Registration Number DMCC 2774**

**Company License Numbers DMCC-30113 and DMCC-080265**

**(the "Company")**

**SHAREHOLDER'S RESOLUTION OF THE COMPANY FOR AN INSOLVENT VOLUNTARY WINDING UP PURSUANT TO REGULATION 122.1(A) OF THE DUBAI MULTI COMMODITIES CENTRE AUTHORITY COMPANY REGULATIONS 2020**

Ryan Paul Jarvis, a citizen of the United Kingdom, holder of passport number 507625727, of Deloitte Ltd. PO Box 3083, Road Town, Tortola, VG1110, British Virgin Islands and Matthew David Smith, a citizen of the United Kingdom, holder of passport number 556578676, of Deloitte LLP, 1 New Street Square, London, EC4A 3HQ (**"Joint Liquidators"**), being the joint liquidators of **PHOENIX COMMODITIES PVT. LTD (IN LIQUIDATION)**, a private limited company registered in, and existing under the laws of, the British Virgin Islands with company registration number 464110 (**"Parent"**), hereby pass the following written resolutions to take effect from the date of these resolutions:

**WHEREAS**

A.   The Parent is in liquidation and the Joint Liquidators have been appointed on 8 May 2020 pursuant to section 179(4)(a) of the Virgin Islands Insolvency Act, 2003.

B.   The Parent is the sole shareholder of the Company.

C.   The Parent, as sole shareholder, after discussion and a consideration of the Company's balance sheet and cashflow requirements, have formed the opinion that the Company cannot by reason of its liabilities continue its business and wish to resolve for the insolvent voluntary winding-up of the Company.

D.   In accordance with Regulation 65 of the of The Dubai Multi Commodities Centre Authority Company Regulations 2020 (**"DMCC Company Regulations"**), these written resolutions of

1

the sole shareholder of the Company shall constitute the General Meeting required pursuant to pursuant to Regulation 122.1(a) of the DMCC Company Regulations.

**NOW IT IS HEREBY RESOLVED AS FOLLOWS:**

1.  It is necessary that the Company be wound up and that the liquidation should be commenced in accordance with Regulation 99 and Section 19 of the DMCC Company Regulations because it is not reasonably practicable for the Company to be wound up in any other manner. The reasons in support of the consideration include:

    1.1  significant liabilities and losses have been incurred by the Company as at the date of this resolution;

    1.2  the liabilities of the Company prohibit the Company from winding up in accordance with Section 17 or Section 18 of the DMCC Company Regulations; and

    1.3  no statutory declaration of solvency pursuant to Regulations 107 or 115 of the DMCC Company Regulations has been made by the directors of the Company.

2.  A meeting of the Company's creditors (**"Creditors' Meeting"**) will be held within ten Business Days (as defined in the DMCC Company Regulations) of the General Meeting held in accordance with Regulation 122.1(a) of the DMCC Company Regulations.

3.  Matthew David Smith, a citizen of the United Kingdom, holder of passport number 556578676, of Deloitte LLP, 1 New Street Square, London, EC4A 3HQ shall be appointed to act as chairman of the Creditors' Meeting.

4.  Matthew David Smith, a citizen of the United Kingdom, holder of passport number 556578676, of Deloitte LLP, 1 New Street Square, London, EC4A 3HQ and Paul James Leggett, a citizen of the United Kingdom, holder of passport number 533528970, of Deloitte & Touche, 3rd Floor, The Goddard Building Haggatt Hall, St. Michael, Barbados, shall be appointed as joint and several liquidators of the Company.

5.  The liquidators of the Company shall be entitled to remuneration calculated by reference to the time properly given by the liquidators and their staff in attending to matters arising in the liquidation and to all costs, charges and expenses properly incurred in the liquidation, payable in priority to all other claims.

6.  The appointed liquidators, or any one of them, are authorized to finalize and agree the forms of and enter into, execute and deliver on behalf of the Company any document or notice in

connection with the appointment of the liquidators or the liquidation process (including without limitation notices of the Creditors' Meeting and any appointment of agents for service of process and certificates).

Resolved by the Joint Liquidators (solely in their capacities as joint liquidators of the Parent (without personal liability) and in no other capacity) for the Parent in its capacity as the sole shareholder of the Company and signed on this 26th day of May 2020.


_____

**Ryan Paul Jarvis**
Joint Liquidator
For and on behalf of
**PHOENIX COMMODITIES PVT. LTD (in Liquidation)**, Sole Shareholder of Phoenix Global DMCC (without personal liability)

3

## NOTARIAL CERTIFICATE

I, **NELSON R. SAMUEL**, Notary Public for the Territory of the British Virgin Islands **DO HEREBY CERTIFY** that the attached SHAREHOLDER'S RESOLUTION OF THE COMPANY dated 31st May 2020 of **PHOENIX GLOBAL DMCC** (the "Company"), has been duly signed by **Ryan Paul Jarvis**.

Dated in Road Town, Tortola, British Virgin Islands, this 10th day of June, 2020.



**Nelson R. Samuel**
**Notary Public**
**British Virgin Islands**
Tel: 284-494-2418. Email: info@nrsamuel.com

### APOSTILLE
### *(Convention de la Haye du 5 Octobre 1961)*

1.    Country:  British Virgin Islands

This public document

2.    has been signed by: **Nelson R. Samuel**

3.    acting in the capacity of: **Notary Public**

4.    bears the Seal/Stamp of: **Nelson R. Samuel**

### CERTIFIED

5.    at:   Road Town, Tortola

6.    the: 10th day of June, 2020

7.    by:  Deputy Governor

8.    No.:  L 045047

9.    Seal/Stamp:



10.    Signature:

*(for)* DEPUTY GOVERNOR

| | |
|---|---|
| **APOSTILLE** (Convention de La Haye du 5 octobre 1961) | |
| 1. **Country:** Pays / Pais: | United Kingdom of Great Britain and Northern Ireland |
| **This public document** Le présent acte public / El presente documento público | |
| 2. **Has been signed by** a été signé par ha sido firmado por | Aisha Hill |
| 3. **Acting in the capacity of** agissant en qualité de quien actúa en calidad de | Member of the Staff of the Governor and Commander-in-Chief, (British Virgin Islands) |
| 4. **Bears the seal / stamp of** est revêtu du sceau / timbre de y está revestido del sello / timbre de | Not applicable |
| **Certified** Attesté / Certificado | |

| 5. **at** á / en | London | 6. **the** le / el día | 22 June 2020 |
|---|---|---|---|

| 7. **by** par / por | Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs |
|---|---|

| 8. **Number** sous no / bajo el numero | APO-1932202 |
|---|---|

| 9. **Seal / stamp** Sceau / timbre Sello / timbre |  | 10. **Signature** Signature Firma | A. Wareham |
|---|---|---|---|

This Apostille is not to be used in the UK and only confirms the authenticity of the signature, seal or stamp on the attached UK public document. It does not confirm the authenticity of the underlying document. Apostilles attached to documents that have been photocopied and certified in the UK confirm the signature of the UK official who conducted the certification only. It does not authenticate either the signature on the original document or the contents of the original document in any way.

If this document is to be used in a country not party to the Hague Convention of the 5th of October 1961, it should be presented to the consular section of the mission representing that country

**To verify this apostille go to www.verifyapostille.service.gov.uk**





الإمارات العربية
ARAB EMIRATES
وزارة الخارجية Affairs
والتعاون الدولي operation

| | | |
|---|---|---|
| Date: | 29/06/2020 14:47 | التاريخ |
| No : | 20|17012398 | رقم |
| Fee : GBP   443 | 2 | الرسوم |

تصديق على بصمة وختم توقيع
وزارة ( الخارجية البريطانية
دون تحمل اي مسؤولية تجاه المحتويات

‖ 11648071





**PHOENIX GLOBAL DMCC**

**Company Registration Number DMCC 2774**

**Company License Numbers DMCC-30113 and DMCC-080265**

**(the "Company")**

**SHAREHOLDER'S RESOLUTION OF THE COMPANY**

Ryan Paul Jarvis, a citizen of the United Kingdom, holder of passport number 507625727, of Deloitte Ltd. PO Box 3083, Road Town, Tortola, VG1110, British Virgin Islands and Matthew David Smith, a citizen of the United Kingdom, holder of passport number 556578676, of Deloitte LLP, 1 New Street Square, London, EC4A 3HQ (**"Joint Liquidators"**), being the joint liquidators of **PHOENIX COMMODITIES PVT. LTD (IN LIQUIDATION)**, a private limited company registered in, and existing under the laws of, the British Virgin Islands with company registration number 464110 (**"Parent"**), hereby pass the following written resolutions to take effect from the date of these resolutions:

**WHEREAS**

A.    The Parent is in liquidation and the Joint Liquidators have been appointed on 8 May 2020 pursuant to section 179(4)(a) of the Virgin Islands Insolvency Act, 2003.

B.    The Parent is the sole shareholder of the Company.

C.    The Parent, as sole shareholder, pursuant to a written resolution dated 26 May 2020 (**"Winding-up Resolution"**), resolved for the insolvent voluntary winding-up of the Company in accordance with Regulation 99 and Section 19 of the Dubai Multi Commodities Centre Authority Company Regulations 2020 (**"DMCC Company Regulations"**).

D.    Pursuant to Regulation 122.1(b) of the DMCC Company Regulations and in accordance with the Winding-Up Resolution, a meeting of the Company's creditors (**"Creditors' Meeting"**) is to be held within ten Business Days (as defined in the DMCC Company Regulations) of the

1

General Meeting held in accordance with Regulation 122.1(a) of the DMCC Company Regulations, and the Parent wishes to nominate a chairman of the Creditors' Meeting.

**NOW IT IS HEREBY RESOLVED AS FOLLOWS:**

1.  Paul James Leggett, a citizen of the United Kingdom, holder of passport number 533528970, of Deloitte & Touche, 3rd Floor, The Goddard Building Haggatt Hall, St. Michael, Barbados shall be appointed to act as chairman of the Creditors' Meeting.

2.  The appointment of Paul James Leggett pursuant to these resolutions is in replacement of and supersedes the appointment of Matthew David Smith as chairman of the Creditors' Meeting which was made pursuant to the Winding-Up Resolution.

Resolved by the Joint Liquidators (solely in their capacities as joint liquidators of the Parent (without personal liability) and in no other capacity) for the Parent in its capacity as the sole shareholder of the Company and signed on this 31st day of May 2020.

Ryan Paul Jarvis
Joint Liquidator
For and on behalf of
**PHOENIX COMMODITIES PVT. LTD (in Liquidation)**, Sole Shareholder of Phoenix Global DMCC (without personal liability)

2

*EXHIBIT "2"*

DUBAI MULTI COMMODITIES CENTRE AUTHORITY ("DMCCA")

DMCCA COMPANY REGULATIONS 2020 ("REGULATIONS")

PHOENIX GLOBAL DMCC

(In Insolvent Voluntary Winding Up)

———————

NOTICE OF APPOINTMENT OF LIQUIDATORS IN AN INSOLVENT VOLUNTARY
WINDING-UP

———————

Notice is hereby given that the liquidation of Phoenix Global DMCC (the **"Company"**) has commenced on 9 June 2020 by resolution at a meeting of the creditors of the Company (**"Creditors' Meeting"**) and that Paul James Leggett of Deloitte & Touche and Matthew David Smith of Deloitte LLP were appointed as joint liquidators (**"Joint Liquidators"**) at the Creditors' Meeting.

The liquidation of the Company is an insolvent voluntary winding up within the meaning of the Regulations.

Dated :    9 June 2020

AFC/AFC/423944/1/DUBM/3812603.2

Signed:

Name in BLOCK LETTERS:        PAUL JAMES LEGGETT

Signed:

Name(s) in BLOCK LETTERS:        MATTHEW DAVID SMITH

Signed and certified:

PAUL JAMES LEGGETT

Chairman of the Creditors' Meeting

AFC/AFC/423944/1/DUBM/3812603.2                                                                                2

*EXHIBIT "D"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:


PHOENIX COMMODITIES PVT.
LIMITED      (in Liquidation)                          Chapter 15

          Debtor in a Foreign Proceeding.              Case No.:  25-21716
_____/

In re:

PHOENIX PTE. LTD (in Liquidation)                      Chapter 15

          Debtor in a Foreign Proceeding.              Case No.:  25-21718
_____/

In re:

PHOENIX GLOBAL DMCC
(in Liquidation)                                       Chapter 15

          Debtor in a Foreign Proceeding.              Case No.:  25-21713
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN**
**MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF**
**THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____ __, 2025 (the "Hearing"), upon the Petition

[D.E. 1] and *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§*

*1515 and 1517 of the Bankruptcy Code* [D.E. 2] (together, the "Chapter 15 Petition") filed by Ryan

Jarvis and John Johnston as liquidators (the "BVI Liquidators") of Phoenix Commodities Pvt.

Limited (in Liquidation) ("Phoenix Parent"), Matthew Stuart Becker and Lim Loo Khoon as

liquidators (the "Singapore Liquidators") of Phoenix Pte. Ltd (in Liquidation) ("Phoenix

Singapore"), and Paul James Leggett (the "UAE Liquidator" and together with BVI Liquidators

and Singapore Liquidators, the "Foreign Representatives") as liquidator of Phoenix Global DMCC

(in Liquidation) ("Phoenix UAE," and together with Phoenix Parent and Phoenix Singapore, the

"Debtors"). The Chapter 15 Petition seeks recognition and related relief, pursuant to Chapter 15

of the Bankruptcy Code, of the liquidation proceedings of the Debtors pending in the British Virgin

Islands, Singapore and UAE, respectively (the "Liquidations"). The Court, having considered the

Chapter 15 Petitions and their attachments, including the Declarations of the Foreign

Representatives, argument of counsel at the Hearing, and being otherwise duly informed, makes

the following order.

The Court finds:

A.      Due and timely notice of the filing of the Chapter 15 Petitions and the Hearing was

given by the Foreign Representatives as directed by this Court.

B.      This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and

1334.

C.     Venue of these proceedings is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.     These are core proceedings under 28 U.S.C. § 157(b)(2)(P).

E.     Ryan Jarvis and John Johnston, qualify as "foreign representatives", as defined in 11 U.S.C. §101(24), with respect to Debtor Phoenix Parent and its liquidation; Matthew Stuart Becker and Lim Loo Khoon, qualify as "foreign representatives", as defined in 11 U.S.C. § 101(24), with respect to Debtor Phoenix Singapore and its liquidation; and Paul James Leggett qualifies as "foreign representative", as defined under 11 U.S.C. § 101(24), with respect to Debtor Phoenix UAE and its liquidation.

F.     The Debtors' Chapter 15 cases were properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G.     The Foreign Representatives have met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.     Each of the Debtors' Liquidations constitutes a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.     Each of the Debtors' Liquidations is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.     Each of the Debtors' Liquidations is a foreign main proceedings under 11 U.S.C. § 1502(4) that is entitled to recognition as foreign main proceeding under 11 U.S.C. § 1517(b)(1). Specifically, Phoenix Parent's liquidation is pending in the BVI, and its center of main interest is also in the BVI.  Phoenix Singapore's liquidation is pending in Singapore, which is also its center of main interest. Phoenix UAE's liquidation is pending in the UAE, which is also its center of main interest.

K.      The Foreign Representatives are entitled to all relief provided under 11 U.S.C. § 1520.

L.      The Foreign Representatives are further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtors or other parties that is not outweighed by the benefits of the relief being granted.

N.      The Court finds that the interests of the creditors, interested entities, the Debtors, and the Debtors' estates are sufficiently protected by the rights and obligations under the Federal Rules of Bankruptcy Procedure and/or Federal Rules of Civil Procedure governing the taking of discovery.

Accordingly, it is **ORDERED** AND **ADJUDGED** that:

1.      The Liquidations are all granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.      The Liquidations shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.  Unless the Court orders otherwise, any orders of the BVI courts (with respect to Phoenix Parent), Singaporean courts (with respect to Phoenix Singapore) and UAE courts (with respect to Phoenix UAE) regarding the administration of the Liquidations shall be given full force and effect and be binding in the United States against all persons and entities.

3.      The Foreign Representatives shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

4

4.    The provisions of 11 U.S.C. § 1520 apply to this proceeding, including but not limited to the application of the automatic stay under 11 U.S.C. § 362 with respect to the Debtors or property of the Debtors in the United States.

5.    Under 11 U.S.C. § 1521(a)(1), all persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtors or the Debtors' bankruptcy estates located in the United States.

6.    Under 11 U.S.C. §1521(a)(2), all persons and entities are stayed from executing against the assets of the Debtors or the Debtors' bankruptcy estates located in the United States.

7.    Under 11 U.S.C. §1521(a)(3), all persons and entities are prohibited from transferring, encumbering or otherwise disposing of, or exercising control over any assets of the Debtors or the Debtors' bankruptcy estates located in the United States.

8.    Under 11 U.S.C. §1521(a)(4), the Foreign Representatives are authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors or the Debtors' bankruptcy estates pursuant to §1521(a)(4) and the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

9.    Under 11 U.S.C. §1521(a)(5), the Foreign Representatives are entrusted with the full administration and realization of all or a part of the estate and assets of the Debtors within the territorial jurisdiction of the United States.

10.    Under 11 U.S.C. §1521(a)(7), all persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtors or the Debtors' bankruptcy estate located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representatives by written notice sent to the following addresses:

As to Phoenix Parent:

> Attn: Ryan Jarvis
> John Johnston
> Deloitte Ltd.
> Wickhams Cay 2, P.O. Box 3083, Road Town,
> Tortola, British Virgin Islands

As to Phoenix Singapore:

> Attn: Matthew Stuart Becker
> Lim Loo Khoon
> Deloitte LLP
> 6 Shenton Way
> #33-00 OUE Downtown
> Singapore 068809

As to Phoenix UAE:

> Attn: Paul James Leggett
> Deloitte Professional Services (DIFC) Limited
> Dubai International Financial Centre,
> Currency House, Building 1, Level 5
> Dubai,
> United Arab Emirates

With copy to:

> Attn: Edward H. Davis, Jr.
> Juan J. Mendoza
> Miguel E. Del Rivero
> Sequor Law, P.A.
> 1111 Brickell Avenue, Suite 1250
> Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representatives shall file with the Court information demonstrating those persons and/or entities to whom they have provided notice of this Order.

11.    Under 11 U.S.C. § 1520(a)(3), unless the Court orders otherwise, the Foreign Representatives are further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.     Other than a counterclaim to a suit brought by the foreign representatives, no person or entity may commence suit against the Foreign Representatives in any court, including this Court, in the United States without first obtaining leave of this Court.

13.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) Foreign Representatives are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14.     No action taken by Foreign Representatives in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Liquidations or any order entered in or in respect of the Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representatives, including pursuant to 11 U.S.C. §§ 306 and 1510.

15.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

16.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtors within the territorial jurisdiction of the United States.

<div align="center">###</div>

Submitted by:
Juan J. Mendoza, Esq.
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Phone: (305) 372-8282
Facsimile: (305) 372-8202
E-mail: jmendoza@sequorlaw.com

*(Juan J. Mendoza shall serve a copy of this Order on all parties entitled to service and file a certificate of service immediately thereafter.)*